UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| REGENTS OF UNIVERSITY OF CALIFORNIA and JANET NAPOLITANO, in her official capacity as President of the University of California,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY and ELAINE DUKE, in her official capacity as Acting Secretary of the Department of Homeland Security,<br><br>Defendants. | Hon. William Alsup<br><br>Case No. 17-cv-05211-WHA |

**DECLARATION OF KATE BAILEY**

I, Kate Bailey, do hereby declare and state as follows:

1.     I am a Trial Attorney for the United States Department of Justice, Civil Division, Federal Programs Branch. I am one of the attorneys who is responsible for the litigation of this matter. I make the following statements based on my personal knowledge and upon information furnished to me in the course of my official duties.

2.     Attached to this declaration is a true and correct copy of a December 23, 2008 Department of Justice, Environment and Natural Resources Division memorandum entitled "Guidance to Federal Agencies on Compiling the Administrative Record."

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 12, 2017.

Kate Bailey
Trial Attorney



**U.S. Department of Justice**

Environment and Natural Resources Division

---

*Assistant Attorney General*
*950 Pennsylvania Avenue, N.W.*
*Washington, DC  20530-0001*

*Telephone (202) 514-2701*
*Facsimile (202) 514-0557*

December 23, 2008

**MEMORANDUM**

To:        Selected Agency Counsel

From:    Ronald J. Tenpas
            Assistant Attorney General

Re:        "Guidance to Federal Agencies on Compiling the Administrative Record"
            (January 1999)


In January 1999, the Environment and Natural Resources Division authored a document entitled "Guidance to Federal Agencies on Compiling the Administrative Record." That document identified issues that agencies may confront in assembling an administrative record. As explicitly stated in the document, it was intended only as internal Department of Justice guidance, and did not create any rights, substantive or procedural, nor did it limit the "otherwise lawful prerogatives of the Department of Justice or any other federal agency." As was stated in a recent brief by the Department of Justice, the 1999 memorandum "does not represent a formal policy of the Department of Justice, nor even an official directive of the Environment and Natural Resources Division (ENRD). The memorandum focuses on the compilation of an administrative record in the absence of a contemporaneous docket."

It has come to our attention, however, that outside parties have sought to use this 1999 document in litigation against federal agencies, and have argued that it supports a particular composition of the administrative record, or a particular process for its assembly. This memorandum serves to clarify that the January 1999 document does not dictate any requirement for, or otherwise provide binding guidance to, federal agencies on the assembly of the administrative record. The composition of an administrative record is left to the sound discretion of the relevant federal agency, within the bounds of controlling law. This is an agency responsibility in the first instance and the Supreme Court has made clear that an agency has discretion in how to create the record to make and explain its decisions. *See, e.g., Vermont Yankee Nuclear Power Corp. v Natural Resources Defense Council, Inc.*, 435 U.S. 519, 544 (1978) (in rejecting the need for adjudicatory hearing in the context of rulemaking, the Court refers to the "very basic tenet of administrative law that agencies should be free to fashion their own rules of procedure" and noting that "the agency should normally be allowed to 'exercise its administrative discretion in deciding how, in light of internal organization considerations, it may best proceed to develop the needed evidence. . . .'").

The Department of Justice has defended in litigation the legal position that deliberative documents are not generally required in an administrative record, and thus has also defended the position that in such circumstances no privilege log reflecting such documents would need to be prepared. The 1999 document should not be read as casting doubt on this legal position. Obviously,

specific statutory provisions and/or case law in the jurisdiction will play a significant role in determining the appropriate approach in a particular case.  Agencies would likely benefit from having their own internal guidance regarding the contents and compilation of the record.   An agency's guidance should, of course, be informed by applicable case law and the agency's experience and internal procedures.

Should you have any question about the development of agency procedures for compiling an administrative record, or the preparation of a particular administrative record, the Division would be pleased to consult with you.  This memorandum is being sent to agencies with whom the Division frequently works, although it is available for use or reference by any federal agency.