CHAD A. READLER
Acting Assistant Attorney General
BRIAN STRETCH
United States Attorney
BRETT A. SHUMATE
Deputy Assistant Attorney General
JOHN. R. TYLER
Assistant Branch Director
BRAD P. ROSENBERG (DC Bar #467513)
Senior Trial Counsel
STEPHEN M. PEZZI (DC Bar #995500)
KATE BAILEY (MD. Bar #1601270001)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, DC  20530
Telephone: (202) 514-3374
Facsimile: (202) 616-8460
E-mail: brad.rosenberg@usdoj.gov

*Attorneys for Defendants*

**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| REGENTS OF UNIVERSITY OF CALIFORNIA and JANET NAPOLITANO, in her official capacity as President of the University of California,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY and ELAINE DUKE, in her official capacity as Acting Secretary of the Department of Homeland Security,<br><br>Defendants. | No. 3:17-cv-05211-WHA<br>No. 3:17-cv-05235-WHA<br>No. 3:17-cv-05329-WHA<br>No. 3:17-cv-05380-WHA<br>No. 3:17-cv-05813-WHA<br><br>**DEFENDANTS' MOTION TO STAY ALL PROCEEDINGS PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS**<br><br>Judge:  Honorable William Alsup<br>Hearing:  None Requested, or Friday, October 20, at 2:00 p.m., or as soon thereafter as counsel may be heard |

**All DACA Cases (Nos. 17-5211, 17-5235, 17-5329, 17-5380, 17-5813)**
**MOTION FOR STAY PENDING RESULTION OF PETITION FOR WRIT OF MANDAMUS**

# NOTICE OF MOTION AND MOTION
# FOR STAY PENDING RESOLUTION OF PETITION FOR WRIT OF MANDAMUS

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Friday, October 20, 2017, at 2:00 p.m., or as soon thereafter as counsel may be heard, before the Honorable William Alsup of the United States District Court for the Northern District of California, in Courtroom 8 on the 19th Floor of the Philip E. Burton Courthouse and Federal Building, 450 Golden Gate Avenue, San Francisco, California, Defendants in the above-captioned matters (hereinafter, "DACA cases") will and hereby move this Court for an Order staying all proceedings in the DACA cases, pending resolution of a petition for writ of mandamus to the United States Court of Appeals for the Ninth Circuit. To expedite the Court's consideration of this request, Defendants are prepared to forego a hearing and have this Court rule on the submitted papers. Alternatively, to the extent the Court decides to hold a hearing, undersigned counsel requests that the Court schedule that hearing after 2 p.m. on Friday afternoon so as to allow undersigned counsel adequate time to make appropriate travel arrangements, or alternatively allow undersigned counsel to appear telephonically.

This motion is made based on Federal Rule of Appellate Procedure 8, which authorizes the District Court to stay an action, order, or judgment, pending resolution of an appeal; this notice of motion; the accompanying memorandum and proposed order; all pleadings and filings in these matters; and such oral argument as the Court allows, if the Court deems oral argument necessary. The parties are concurrently filing a stipulation to expedite consideration of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

The United States has been authorized by the Solicitor General to file a petition for a writ of mandamus in the United States Court of Appeals for the Ninth Circuit requesting that the Court of Appeals direct this Court to vacate its Order issued on October 17, 2017, ECF No. 79[1] (hereinafter, "Order"), and to stay discovery and further proceedings concerning the composition

---

[1] References to docket numbers herein refer to the docket in Case No. 17-cv-05211-WHA.

**All DACA Cases (Nos. 17-5211, 17-5235, 17-5329, 17-5380, 17-5813)**
**MOTION FOR STAY PENDING RESULTION OF PETITION FOR WRIT OF MANDAMUS**

of the administrative record pending a ruling on Defendants' forthcoming motion to dismiss.[2] This Court's October 17 Order: 1) requires Defendants to "complete" the administrative record by adding various materials that are not properly part of an administrative record, to the extent such a record is even necessary or appropriate in a case in which plaintiffs have raised non-cognizable claims; 2) requires Defendants to "complete" that record by obtaining materials from "anywhere in the government," thus raising substantial separation of powers concerns and imposing undue burdens on Defendants; 3) improperly finds that Defendants have waived the attorney-client privilege over whether the rescission of the Deferred Action for Childhood Arrivals policy ("DACA") was lawful; 4) improperly finds, without briefing, that plaintiffs have overcome Defendants' assertion of deliberative process privilege (and potentially other privileges) regarding documents identified in Defendants' privilege log (ECF No. 71-2), thus requiring the disclosure through incorporation into the administrative record of documents that are covered by the attorney-client privilege, the deliberative process privilege, and/or executive privilege; and 5) improperly requires the production of a privilege log in association with the administrative record in this case, even though deliberative and other privileged documents are not part of a properly constructed administrative record.  Moreover, the Court indicated at the hearing on plaintiffs' motion that it would overrule any objection to the deposition of the Acting Secretary of Homeland Security, notwithstanding that governing law makes clear that depositions to probe the decisionmaking process of senior Cabinet-level officials are wholly improper.  Defendants also intend to challenge this Court's order allowing discovery to proceed over Defendants' objections at the initial Case Management Conference, *see* ECF No. 49, notwithstanding that this Court has not yet resolved Defendants' forthcoming dispositive motion, which if successful would result in the dismissal of this litigation without any need for discovery.

     Defendants' are moving as expeditiously as possible to seek appellate review and will apply for a writ of mandamus no later than Friday, October 20.  In light of this accelerated schedule, Defendants are seeking a stay of all proceedings now.  Moreover, discovery is

---

[2] Defendants are seeking a stay of certain proceedings in the DACA cases pending in the United States District Court for the Eastern District of New York.  In the absence of the requested stay, the Solicitor General has authorized the filing of a petition for a writ of mandamus in those cases. *See Vidal, et al. v. Baran, et al.*, No. 16-cv-47756 (NGG) (JO), ECF No. 87.

**All DACA Cases (Nos. 17-5211, 17-5235, 17-5329, 17-5380, 17-5813)**
**MOTION FOR STAY PENDING RESULTION OF PETITION FOR WRIT OF MANDAMUS**

ongoing, with the next (and fifth) deposition in these cases scheduled for Friday, October 20. Complying with the Court's Order – which Defendants must and will do in the absence of a stay – imposes enormous and continuing burdens on Defendants. Accordingly, Defendants also request IMMEDIATE, EMERGENCY RELIEF of the obligation to provide further witnesses for depositions and, in the absence of this Court's immediate provision of such relief, intend to seek an administrative stay from the Ninth Circuit after 2 p.m. Pacific Daylight Time on Thursday, October 19, 2017 pursuant to Rule 8(a)(2) of the Federal Rules of Appellate Procedure.

## STANDARD FOR SEEKING A STAY

This Court has "inherent power to control the disposition of the causes on its docket [to] promote economy of time and effort for itself, for counsel, and for [the] litigants" by staying this matter pending appellate review. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Filtrol Corp. v. Kelleher,* 467 F.2d 242, 244 (9th Cir. 1972); *Mediterranean Enters., Inc. v. Ssangyong Corp*, 708 F.2d 1458, 1465 (9th Cir. 1983) ("A trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." (citation omitted)).

District courts typically apply a four-factor test to determine whether to issue a stay of an order: (1) the applicant's likely success on the merits; (2) irreparable injury to the applicant absent a stay; (3) substantial injury to the other parties; and (4) the public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *see Nken v. Holder*, 556 U.S. 418, 433-34 (2009); *Leiva-Perez v. Holder*, 640 F.3d 962, 970 (9th Cir. 2011) (*Nken* requires a showing of irreparable harm, but applies a balancing test showing "that irreparable harm is probable and either: (a) a strong likelihood of success on the merits and that the public interest does not weigh heavily against a stay; or (b) a substantial case on the merits and that the balance of hardships tips sharply in the petitioner's favor"). As explained by the district court in *American Hotel & Lodging Association v. City of Los Angeles*, No. CV 14-09603-AB (SSx), 2015 WL 10791930, at *2 (C.D. Cal. Nov. 5, 2015), however, the four-factor standard applies "specifically to stays of the enforcement of an order or judgment, not stays of an action during interlocutory appeal." When seeking to stay

proceedings, the relevant test is "whether (1) 'resolution by the Ninth Circuit of the issue addressed in [the appealed order] could materially affect this case and advance the ultimate termination of the litigation' and (2) whether a stay will 'promote[ ] economy of time and effort for the Court and the parties." *Id.* (quotation omitted) (citing *Filtrol*, 467 F.2d at 244). As described below, Defendants easily meet that standard for a stay of proceedings here: Resolution of the issues Defendants seek to raise with the Ninth Circuit will materially affect this case and advance the termination of these lawsuits. At minimum, any guidance the Ninth Circuit may provide would streamline the resolution of any remaining issues. Even under the more stringent four-factor test (which applies to a narrower stay of the Court's Order), however, Defendants easily meet the standard for a stay.

**ARGUMENT**

**I.     Defendants Have a Strong Likelihood of Success on the Merits.**

Defendants are likely to succeed on the merits under either the "likelihood of success" or "substantial case on the merits" standard. *Leiva-Perez*, 640 F.3d at 970. As a threshold matter, the decision to wind-down DACA is not subject to judicial review at all. *See* Defs.' Opp. to Pls.' Mot. to Compel Completion of the Admin. Record at 1 (ECF No. 71) ("Defs.' Opp."). Congress has specifically barred the exercise of jurisdiction by a district court to review the government's denial of deferred action, *see* 8 U.S.C. § 1252(g); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 & n.9 (1999), the very action Plaintiffs have brought. And the denial of deferred action and attendant benefits such as work authorization is in any event committed to agency discretion by law and unreviewable on that basis as well. Even if the decision were subject to judicial review, however, Defendants are likely to prevail on their arguments that discovery, a privilege log, and supplementation of the administrative record are all improper for the reasons set forth in their opposition brief and at oral argument. *See generally* Defs.' Opp. at 8-22; Oct. 16, 2017 Hearing Tr ("Hearing Tr."). The Secretary's rescission and winding-down of DACA constitute a statement of policy that does not require a record at all. Defendants incorporate all of those arguments here.

**All DACA Cases (Nos. 17-5211, 17-5235, 17-5329, 17-5380, 17-5813)**
**MOTION FOR STAY PENDING RESULTION OF PETITION FOR WRIT OF MANDAMUS**

In particular, this Court erred in ordering the "completion" of the administrative record beyond that which the Defendants had already defined. The Court further erred by requiring the retrieval of documents from the Department of Justice, which cannot as a matter of law be the "decisionmaker" for a policy that it did not administer, and from the White House, which is not subject to the provisions of the Administrative Procedure Act. *See Franklin v. Massachusetts*, 505 U.S. 788, 800–01 (1992) (President's actions "not reviewable for abuse of discretion under the APA." (citation omitted)). Requiring the retrieval of documents from White House officials effectively imposes discovery burdens upon them, raising substantial separation of powers concerns as well. *See Cheney v. U.S. Dist. Court*, 542 U.S. 367, 388 (2004).

The Court also erred in holding that deliberative and other privileged documents are properly part of the administrative record (and in requiring privilege logs in conjunction with any administrative record); in ordering the incorporation into the administrative record (and, hence, the public disclosure) of numerous documents identified in Defendants' privilege log; in finding that Defendants have waived attorney-client privilege with respect to the legality of DACA; and in finding that plaintiffs have made a showing sufficient to override Defendants' assertion of the deliberative process privilege. Defendants' documents, such as those protected by the deliberative process, attorney-client, and work product privileges are not part of the administrative record. Rather, they reflect the internal giving of advice and deliberations about the administrative record that will underlie the agency's decision. Defendants also believe that the Court has constructively, and improperly, ruled that the Acting Secretary of Homeland Security should be deposed in this case. *See* Hearing Tr. 32:13-33:8.

Notably, a district court here in the Northern District of California recently granted a stay of the compilation of the administrative record pending mandamus review under similar circumstances. In that case the district court held that deliberative materials should be included in the administrative record and should be recorded in a privilege log. *See* Order Granting Motion to Compel Completion of the Administrative Record, *Institute for Fisheries Resources v. Burwell*, No. 16-cv-1574 (N.D. Cal. Jan. 10, 2017). The district court recognized, however, that a stay was appropriate pending review of the government's mandamus petition. *See* Order

Granting Motion to Stay, *Institute for Fisheries Resources v. Price*, No. 16-cv-1574 (N.D. Cal., May 3, 2017). This Court should grant a similar stay here.

## II.     Defendants Will Be Irreparably Harmed Absent a Stay.

Defendants will suffer immediate, irreparable harm absent a stay. Compliance with the Order will result in the irretrievable disclosure of privileged documents. Moreover, complying with the Order will impose enormous burdens and costs on Defendants.

The Court has ordered the incorporation of numerous documents identified on Defendants' privilege log into the Administrative Record, thus resulting in the public disclosure of those documents. Because the disclosure of those documents cannot be undone, courts routinely grant stays in such contexts. *See HHS v. Alley*, 129 S. Ct. 1667 (2009) (in FOIA case, ordering stay of district court's order which directed agency to disclose records to plaintiff, pending final disposition of appeal, following denial of stay by court of appeals).

The harm imposed by the Order is not limited to the disclosure of Defendants' privileged documents. Orders imposing onerous discovery burdens and significant litigation costs may cause irreparable harm and justify a stay pending appeal. *See Brown v. Wal-Mart Stores, Inc.*, No. 09-03339, 2012 WL 5818300, at *4 (N.D. Cal. Nov. 15, 2012) ("Courts evaluate whether litigation expenses constitute irreparable harm based on the specific circumstances of each case." (citation omitted)); *Richards v. Ernst & Young LLP*, No. 08-4988, 2012 WL 92738, at *3-4 (N.D. Cal. Jan. 11, 2012) (granting stay because serious burden, including discovery, would be avoided if defendants won on appeal); *see also Pena v. Taylor Farms Pac., Inc.*, No. 13-1282, 2015 WL 5103157, at *4-5 (E.D. Cal. Aug. 31, 2015) (collecting cases).

Here, absent a stay, Defendants will suffer irreparable harm as a result of the staggering burden that compliance with the Court's Order will impose. First, the Order requires the completion of the administrative record in a mere ten days from the date of the Order. Compliance will require that Defendants search for, process, and review documents from a broad number of individuals within the Department of Homeland Security (including its components), as well as the Department of Justice and the White House. Defendants have already begun to take steps to comply with the Order and fully appreciate – and are complying with – the Court's

supplemental Order to Compile Supplement Forthwith.  *See* ECF No. 80 ("Supplemental Order").  Nonetheless, complying with both the Order and subsequent Supplemental Order on the extremely expedited schedule that the Court has provided will only exacerbate the burdens that Defendants are facing in this litigation.

Moreover, Defendants face numerous and immediate discovery obligations in these cases and the DACA cases pending in the Eastern District of New York.  Defendants have already identified the burdens associated with discovery, at least with respect to DHS.  *See* Decl. of Vijai Chellappa (ECF No. 71-3); Decl. of David J. Palmer (ECF No. 71-4); Decl. of James W. McCament (ECF No. 71-5); Decl. of Raymond Milani (ECF No. 71-6).  To the extent these lawsuits are not justiciable, or that review should be limited to the administrative record that the Defendants submitted, none of this discovery would be necessary.  But even if some supplementation of the record or discovery were appropriate, guidance that the Ninth Circuit would provide regarding the assertion of the attorney-client, work product, and deliberative process privileges would inform the scope of future discovery.  Similarly, this Court has indicated that it will allow the deposition of the Acting Secretary Duke to proceed.  *See* Hearing Tr. 32:13-33:8.  It is indisputable that the deposition of a cabinet official imposes substantial burdens on the government.  *See In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995); *cf. United States v. Morgan*, 313 U.S. 409, 422 (1941) ("the short of the business is that the Secretary should never have been subjected to this examination").  It would be appropriate to stay that and similar discovery in order to receive guidance from the Ninth Circuit before imposing these burdens.  And to the extent that or other depositions go forward, they can be more efficiently conducted after the Ninth Circuit has opined on the privilege issues raised in the Court's Order.

### III.   Plaintiffs Will Not Be Prejudiced By a Stay.

The rescission of DACA does not take effect until March 5, which is more than four months from now.  The issues raised by the Court's Order are substantial, and the harm inflicted by the Order is irreparable.  Moreover, even with a stay, there would be more than sufficient time for this Court to provide relief to Plaintiffs, to the extent that it concludes that any such relief is appropriate in light of any guidance that the Ninth Circuit may provide.  If anything, having

**All DACA Cases (Nos. 17-5211, 17-5235, 17-5329, 17-5380, 17-5813)**
**MOTION FOR STAY PENDING RESULTION OF PETITION FOR WRIT OF MANDAMUS**

guidance from the Ninth Circuit would allow the parties, and the Court, to more efficiently resolve their outstanding disputes, thus conserving resources.

### IV. The Public Interest Favors a Stay.

Discovery in this case has already diverted resources from DHS's mission of protecting the homeland, and the Court's Order will only exacerbate that harm. *See* Chellappa Decl. ¶ 5 (CPB "has also fallen behind on an ongoing critical surveillance operation"); Palmer Decl. ¶ 6 (DHS HQ has diverted staff from resolving customer issues); McCament Decl. ¶ 6 (USCIS Office of Information Technology has postponed two investigations); Milani Decl. ¶ 7 (ICE has had to devote 1 out of every 14 attorneys to handle discovery). These lawsuits are imposing very real harms on the defendant agencies and, hence, the public that they serve.

## CONCLUSION

The Court should stay proceedings until the Court of Appeals rules on the mandamus petition.

Dated: October 18, 2017                      Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

BRIAN STRETCH
United States Attorney

BRETT A. SHUMATE
Deputy Assistant Attorney General

JOHN R. TYLER
Assistant Branch Director

*/s/ Brad P. Rosenberg*
BRAD P. ROSENBERG (DC Bar #467513)
Senior Trial Counsel
STEPHEN M. PEZZI (DC Bar #995500)
KATE BAILEY (MD. Bar #1601270001)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, DC  20530
Phone: (202) 514-3374
Fax: (202) 616-8460
Email: brad.rosenberg@usdoj.gov

*Attorneys for Defendants*

**All DACA Cases (Nos. 17-5211, 17-5235, 17-5329, 17-5380, 17-5813)**
**MOTION FOR STAY PENDING RESULTION OF PETITION FOR WRIT OF MANDAMUS**