IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA and JANET NAPOLITANO, in her official capacity as President of the University of California,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY and ELAINE DUKE, in her official capacity as Acting Secretary of the Department of Homeland Security,<br><br>Defendants. | No. C 17-05211 WHA<br>No. C 17-05235 WHA<br>No. C 17-05329 WHA<br>No. C 17-05380 WHA<br><br>**ORDER RE MOTION TO STAY PROCEEDINGS** |

An October 17 order required federal defendants to complete the administrative record, including by providing all materials directly or indirectly considered by the Acting Secretary of the Department of Homeland Security in connection with her decision to rescind the Deferred Action for Childhood Arrivals ("DACA") policy, as well as all materials considered by those who advised the Acting Secretary (Dkt. No 79).

On October 18, federal defendants filed this motion seeking a stay of certain proceedings — including all discovery and further proceedings concerning composition of the administrative record — pending resolution of a writ of mandamus appealing the October 17 order, which writ they will file with our court of appeals no later than October 20 (Dkt. No. 81). All parties stipulated to an expedited briefing schedule, pursuant to which plaintiffs filed a

1 response at 5:00 p.m. today. With the benefit of the parties' briefing, this order now **DENIES**
2 federal defendants' motion for a stay.

3 Whether to grant a stay is, in the first instance, in the discretion of the district court.
4 *Nken v. Holder*, 556 U.S. 418, 433 (2009). That discretion is guided by a four-factor test, under
5 which courts consider: "(1) whether the stay applicant has made a strong showing that he is
6 likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a
7 stay; (3) whether issuance of the stay will substantially injure the other parties interested in the
8 proceeding; and (4) where the public interest lies." *Ibid*. (citations and quotations omitted).

9 These factors do not favor our federal defendants. The contentions federal defendants
10 rely upon in arguing that they are likely to succeed on the merits are largely duplicative of their
11 arguments opposing completion of the administrative record, which were rejected by the
12 October 17 order. For the same reasons set forth therein, these arguments remain unavailing.
13 Federal defendants additional arguments are likewise unpersuasive. They offer a strained and
14 inaccurate interpretation of 8 U.S.C. 1252(g) in support of their position that the decision to
15 rescind DACA is unreviewable. Section 1252(g), however, only bars judicial review of
16 decisions "by the Attorney General to [1] commence proceedings, [2] adjudicate cases, or [3]
17 execute removal orders," none of which are at issue here. This provision has been "narrowly
18 construed" and is plainly inapplicable to this action. *See Kwai Fun Wong v. United States*, 373
19 F.3d 952, 964 (9th Cir. 2004). Nor does federal defendants' argument regarding the Court's
20 position on whether Acting Secretary Elaine Duke is subject to deposition — a topic not yet
21 formally raised in this action or properly the subject of defendants' mandamus petition — show
22 that they are likely to succeed.

23 Most importantly, a stay will likely result in substantial and irreparable harm to our
24 plaintiffs, and to those parties most interested in these proceedings, people who are currently
25 enrolled in DACA. All face a March 5, 2018 deadline, on which date the Department of
26 Homeland Security has determined to end DACA. On that day, people currently living and
27 working in the United States will begin to lose the protections afforded by DACA. The Court
28 intends to reach a decision before the March 5 deadline, on a substantial and complete record,

which can be reviewed by our court of appeals, and has set a schedule that will accomplish this. A stay risks allowing this deadline to pass without a decision on the merits, and therefore poses a substantial threat to our plaintiffs and to DACA enrollees.

Moreover, any alleged "irreparable harm" imposed upon the government related to their discovery burden pales in comparison to that which will be faced by DACA enrollees. Nor will privileged government communications be publicly disclosed, as the undersigned judge has reviewed, and as necessary will continue to review such documents, submitted *in camera*, and withhold from public view those that require withholding.

Finally, the public's interest is best served by a thorough, transparent, and expeditious resolution of this litigation. Federal defendants' argument that this action and one other lawsuit pending in New York have diverted resources from the Department of Homeland Security's mission of protecting the United States is not well taken. The federal government is certainly equipped to participate in this litigation and continue to perform its core functions.

Though federal defendants analyze their motion under the four-factor test set forth above, they also suggest that a different test applies here since they seek to stay a proceeding as opposed to only staying an order or judgment. That test asks "whether (1) resolution by the Ninth Circuit of the issue addressed in [the appealed order] could materially affect this case and advance the ultimate termination of litigation and (2) whether a stay will promote [ ] economy of time and effort for the Court and the parties." *American Hotel & Lodging Ass'n v. City of Los Angeles*, No. CV 14-09603-AB (SSX), 2015 WL 10791930, at *3 (C.D. Cal. Nov. 5, 2015) (Judge Andre Birotte Jr.) (internal citations and quotations omitted).

This, however, is mere slight of hand. Federal defendants are not seeking to stay "all proceedings in the DACA cases" as they state in their notice of motion (Dkt. No. 81 at 1), but rather are seeking to "stay discovery and further proceedings concerning the composition of the administrative record pending a ruling on [their] upcoming motion to dismiss" as they clarify in their memorandum of points and authorities (*id.* at 1–2). In other words, they are moving to stay the October 17 order — a motion to which the four-part *Nken* test applies — while continuing to litigate only their affirmative case. This is improper.

3

Even under the test set forth in *American Hotel & Lodging*, however, defendants motion still fails. *First*, a stay will not promote economy of time and effort. In fact, it will have the opposite effect. It will prolong proceedings and in all likelihood duplicate efforts by creating a delay, which requires litigation first on the issue of provisional relief followed by a second round of litigation on the merits. This will result in a waste of time and resources.

*Second*, staying discovery and proceedings concerning composition of the administrative record will not advance the litigation. An appellate decision on the composition of the administrative record can be made now or later, as our court of appeals prefers, but we ought to continue making progress on the merits while that court considers the issue.

For the foregoing reasons, federal defendants' motion to stay proceedings is **DENIED**. This action shall continue on the schedule set forth in the September 22 Scheduling Order (Dkt. No. 49). Even in the unfortunate event that the administrative record is not settled (due to appellate proceedings), our briefing schedule will nevertheless allow an orderly assessment of whether or not provisional relief is warranted.

**IT IS SO ORDERED.**

Dated: October 19, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE