| | |
|---|---|
| Jeffrey M. Davidson (SBN 248620)<br>Alan Bersin (SBN 63874)<br>COVINGTON & BURLING LLP<br>One Front Street, 35th Floor<br>San Francisco, CA 94111-5356<br>Telephone: (415) 591-6000<br>Facsimile: (415) 591-6091<br>Email: jdavidson@cov.com,<br>abersin@cov.com | XAVIER BECERRA<br>Attorney General of California<br>MICHAEL L. NEWMAN<br>Supervising Deputy Attorney General<br>JAMES F. ZAHRADKA II (SBN 196822)<br>1515 Clay Street, 20th Floor<br>P.O. Box 70550<br>Oakland, CA 94612-0550<br>Telephone: (510) 879-1247<br>E-mail: James.Zahradka@doj.ca.gov |

*Attorneys for Plaintiffs The Regents of the University of California and Janet Napolitano, in her official capacity as President of the University of California*

*Attorneys for Plaintiff State of California*

| | |
|---|---|
| GIBSON, DUNN & CRUTCHER LLP<br>THEODORE J. BOUTROUS, JR. (SBN 132099)<br>tboutrous@gibsondunn.com<br>ETHAN D. DETTMER (SBN 196046)<br>edettmer@gibsondunn.com<br>JESSE S. GABRIEL (SBN 263137)<br>jgabriel@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: (213) 229-7000<br>Facsimile: (213) 229-7520 | JOSEPH W. COTCHETT (SBN 36324)<br>NANCY L. FINEMAN (SBN 124870)<br>COTCHETT, PITRE & McCARTHY, LLP<br>San Francisco Airport Office Center<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010<br>Telephone: (650) 697-6000<br>Facsimile: (650) 697-0577<br>Email: nfineman@cpmlegal.com |

*Attorneys for Plaintiff City of San Jose*

*Attorneys for Plaintiffs Dulce Garcia, Miriam Gonzalez Avila, Saul Jimenez Suarez, Viridiana Chabolla Mendoza, Norma Ramirez, and Jirayut Latthivongskorn*

JONATHAN WEISSGLASS (SBN 185008)<br>STACEY M. LEYTON (SBN 203827)<br>ERIC P. BROWN (SBN 284245)<br>ALTSHULER BERZON LLP<br>177 Post Street, Suite 300<br>San Francisco, CA 94108<br>Telephone: (415) 421-7151<br>Facsimile: (415) 362-8064<br>Email: jweissglass@altber.com

*Attorneys for Plaintiffs County of Santa Clara and Service Employees International Union Local 521*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA and JANET NAPOLITANO, in her official capacity as President of the University of California,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY and ELAINE DUKE, in her official capacity as Acting Secretary of the Department of Homeland Security,<br><br>Defendants. | CASE NO. 17-CV-05211-WHA<br><br>**JOINT LETTER BRIEF REGARDING DEPOSITION OF ACTING SECRETARY OF HOMELAND SECURITY DUKE**<br><br>Judge: Honorable Sallie Kim |

| | |
|---|---|
| STATE OF CALIFORNIA, STATE OF MAINE, STATE OF MARYLAND, and STATE OF MINNESOTA, <br><br>              Plaintiffs, <br><br>              v. <br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, ELAINE DUKE, in her official capacity as Acting Secretary of the Department of Homeland Security, and the UNITED STATES OF AMERICA, <br><br>              Defendants. | CASE NO. 17-CV-05235-WHA |
| CITY OF SAN JOSE, a municipal corporation, <br><br>              Plaintiffs, <br><br>              v. <br><br>DONALD J. TRUMP, President of the United States, in his official capacity, ELAINE C. DUKE, in her official capacity, and the UNITED STATES OF AMERICA, <br><br>              Defendants. | CASE NO. 17-CV-05329-WHA |
| DULCE GARCIA, MIRIAM GONZALEZ AVILA, SAUL JIMENEZ SUAREZ, VIRIDIANA CHABOLLA MENDOZA, NORMA RAMIREZ, and JIRAYUT LATTHIVONGSKORN, <br><br>              Plaintiffs, <br><br>              v. <br><br>UNITED STATES OF AMERICA, DONALD J. TRUMP, in his official capacity as President of the United States, U.S. DEPARTMENT OF HOMELAND SECURITY, and ELAINE DUKE, in her official capacity as Acting Secretary of Homeland Security, <br><br>              Defendants. | CASE NO. 17-CV-05380-WHA |

| | |
|---|---|
| COUNTY OF SANTA CLARA and SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 521,<br><br>           Plaintiffs,<br><br>      v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, JEFFERSON BEAUREGARD SESSIONS, in his official capacity as Attorney General of the United States; ELAINE DUKE, in her official capacity as Acting Secretary of the Department of Homeland Security; and U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>           Defendants. | CASE NO. 17-CV-05813-WHA |

The undersigned hereby attest that counsel for Defendants and counsel for Plaintiffs met and conferred telephonically on October 17-20, 2017 and finalized the procedures for drafting the joint letter on October 20, 2017. The parties have complied with Section 9 of the Northern District's Guidelines for Professional Conduct regarding discovery before filing this joint letter brief.

Dated:  October 23, 2017              Respectfully submitted,

| FOR PLAINTIFFS: | FOR DEFENDANTS: |
|---|---|
| XAVIER BECERRA<br>Attorney General of California<br>MICHAEL L. NEWMAN<br>Supervising Deputy Attorney General | CHAD A. READLER<br>Acting Assistant Attorney General<br><br>BRIAN STRETCH<br>United States Attorney |
| /s/ James F. Zahradka II<br>JAMES F. ZAHRADKA II<br>Deputy Attorney General | BRETT A. SHUMATE<br>Deputy Assistant Attorney General |
| CHRISTINE CHUANG<br>REBEKAH A. FRETZ<br>RONALD H. LEE<br>KATHLEEN VERMAZEN RADEZ<br>SHUBHRA SHIVPURI<br>1515 Clay Street, 20th Floor<br>P.O. Box 70550<br>Oakland, CA  94612-0550<br>Telephone: (510) 879-1247 | JENNIFER RICKETTS<br>Branch Director<br><br>JOHN R. TYLER<br>Assistant Branch Director<br><br>/s/ Brad P. Rosenberg<br>BRAD P. ROSENBERG (DC Bar #467513)<br>Senior Trial Counsel |
| *Attorneys for Plaintiff State of California* | STEPHEN M. PEZZI (DC Bar #995500)<br>KATE BAILEY (MD. Bar #1601270001)<br>Trial Attorneys<br>United States Department of Justice |
| Jeffrey M. Davidson (SBN 248620)<br>Alan Bersin (SBN 63874)<br>COVINGTON & BURLING LLP<br>One Front Street, 35th Floor<br>San Francisco, CA 94111-5356<br>Telephone: (415) 591-6000<br>Facsimile: (415) 591-6091<br>Email: jdavidson@cov.com,<br>abersin@cov.com | Civil Division, Federal Programs Branch<br>20 Massachusetts Avenue N.W.<br>Washington, DC  20530<br>Phone: (202) 514-3374<br>Fax: (202) 616-8460<br>Email: brad.rosenberg@usdoj.gov<br><br>*Attorneys for Defendants* |
| *Attorneys for Plaintiffs The Regents of the University of California and Janet Napolitano, in her official capacity as President of the University of California* | |

GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR. (SBN 132099)
tboutrous@gibsondunn.com
ETHAN D. DETTMER (SBN 196046)
edettmer@gibsondunn.com
JESSE S. GABRIEL (SBN 263137)
jgabriel@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

*Attorneys for Plaintiffs Dulce Garcia, Miriam Gonzalez Avila, Saul Jimenez Suarez, Viridiana Chabolla Mendoza, Norma Ramirez, and Jirayut Latthivongskorn*


JOSEPH W. COTCHETT (SBN 36324)
NANCY L. FINEMAN (SBN 124870)
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: nfineman@cpmlegal.com

*Attorneys for Plaintiff City of San Jose*


JONATHAN WEISSGLASS (SBN 185008)
STACEY M. LEYTON (SBN 203827)
ERIC P. BROWN (SBN 284245)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email:  jweissglass@altber.com

*Attorneys for Plaintiffs County of Santa Clara and Service Employees International Union Local 521*

October 23, 2017

The Honorable Sallie Kim
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

        Re:    Deposition of Acting Secretary of Homeland Security Duke in *State of California v. Department of Homeland Security*
              Case No. 17-cv-5235-WHA (N.D. Cal.) and related cases

Dear Judge Kim:

      The parties respectfully submit this joint letter in response to Defendants' objection to the deposition of Defendant Acting Secretary of Homeland Security (DHS) Elaine C. Duke. Plaintiffs are attempting to schedule a deposition of Acting Secretary Duke the week of October 23, 2017. Defendants object to the deposition generally and, in the alternative, object to it taking place during the week of October 23, 2017. Motions for summary judgment, provisional relief, or to dismiss are due November 1, 2017. After Judge Alsup denied Defendants' motion to stay his October 17, 2017 Order relating to the administrative record ("AR Order") (ECF 79), Defendants filed a mandamus petition with the Ninth Circuit on October 20, 2017.

      The lawsuits at issue here deal with the legality of the rescission of a 2012 DHS memorandum setting forth the Deferred Action for Childhood Arrivals ("DACA") policy. Plaintiffs have made a variety of constitutional and statutory claims related to that rescission, including claims under the Fifth Amendment and the Administrative Procedure Act.

### I. PLAINTIFFS' ARGUMENT

      This Court should reject Defendants' arguments that Acting Secretary Duke is protected from deposition by "apex" considerations because (1) she has unique personal knowledge relevant to Plaintiffs' claims, and the exceptional circumstances here override considerations against allowing her deposition; (2) Defendants have obstructed exhaustion of less intrusive means of discovery before taking Acting Secretary Duke's deposition, which would be impractical in any event; and (3) any further delay will seriously prejudice Plaintiffs' ability to prepare a complete record on the briefing schedule set by Judge Alsup. Although Defendants have presented similar arguments to the Ninth Circuit on mandamus, this issue is not properly before that court. See Dkt. 85 at 2; *cf. In re*

1

*Kessler*, 100 F.3d 1015 (D.C. Cir. 1996) (denying mandamus with respect to deposition of FDA Commissioner). Delaying this matter until the conclusion of appellate proceedings will very likely return the parties to this Court at a later date with substantially similar arguments and no further guidance from the Ninth Circuit—and little to no time remaining to secure the deposition.

Defendants' suggestion that depositions of high-ranking officials are categorically impermissible is without merit.[1] In appropriate circumstances, courts limit the ability of litigants to depose heads of government agencies, owing to a concern about interrupting their official duties with "judicial demands for information that could be obtained elsewhere." *In re Cheney*, 544 F.3d 311, 314 (D.C. Cir. 2008); *see Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231 (9th Cir. 1979). But any party seeking to prevent a disposition bears "a heavy burden," *In re Transpacific Passenger Air Transportation Antitrust Litig.*, 2014 WL 939287, at *2 (N.D. Cal. Mar. 6, 2014) (collecting cases),[2] and such depositions may proceed when there is a special need, such as if the official possesses knowledge of relevant facts that cannot be practicably obtained through other means. *See, e.g.*, *In re United States*, 624 F.3d 1368, 1372-1374 (11th Cir. 2010); *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007) ("Depositions of high ranking officials may be permitted where the official has first-hand knowledge related to the claim being litigated.").

### A.   Acting Secretary Duke Has Unique First-Hand Knowledge of Relevant Facts.

While courts have utilized the apex exception to protect high-ranking executives from deposition where evidence shows the executive lacks "firsthand-knowledge of important, relevant, and material facts," *Transpacific*, 2014 WL 939287, at *2, Acting Secretary Duke could not be further from fitting this description.

It is beyond dispute that the rationale for the decisions that Defendants made in rescinding

---

[1] As Judge Alsup pointed out during the October 16, 2017 hearing in this matter, the apex "doctrine" is a judge-created device which has never been endorsed by the Supreme Court. Hearing Tr. 33:3-33:6 (ECF 78-1). In fact, Judge Alsup strongly suggested that he would rule against Defendants' efforts to shield deponents from depositions here on those grounds. *Id.* at 32:25-33:2, 33:7-8, 34:24-35:2 ("my own view is I would order that deposition pronto").

[2] Defendants cite an Eighth Circuit case suggesting the burden shifts to plaintiffs to overcome an objection on apex grounds, but "there is 'no binding Ninth Circuit or Supreme Court precedent requiring th[e] result' that the burden be shifted to the party seeking discovery by deposition of a high level business executive." *Transpacific*, 2014 WL 939287, at *2, quoting *Mansourian v. Bd. of Regents of Univ. of Cal. at Davis*, 2007 WL 4557104, at *3 (E.D.Cal. Dec. 21, 2007).

DACA is central to many of the claims and defenses in these actions.[3] Several of those claims involve allegations that discriminatory purposes drove the decision to rescind DACA, and key evidence to prove or disprove such claims will come from Acting Secretary Duke's testimony about the rationale for that decision.[4] Defendants have repeatedly and forcefully stated that Acting Secretary Duke was the sole decision maker as to the rescission of DACA. *See, e.g.*, AR Order at 2, 8, 17, 20-21 (ECF 79).[5] Indeed, DHS staff involved in the Defendants' decision making process confirmed these assertions under oath, testifying that this decision "came . . . down" from Acting Secretary Duke and that staff's role was limited to "helping" her in her deliberations.[6] An advisor central to DHS's DACA deliberations testified that the decision about DACA was not made until Acting Secretary Duke literally "put ink to paper" on the rescission memorandum. Hamilton Tr. 88:7-14; *see also id.* at 91:18-20. In fact, at the October 16 hearing relating to the administrative record, counsel for Defendants stated that the documents that Defendants provided to Judge Alsup for *in camera* review were entirely comprised of documents retrieved from Acting Secretary Duke's office. *See* Hearing Tr. 45:24-46:10 (ECF 78-1). In at least one instance, DHS staff have disputed one of the bases for rescission—litigation risk—that has been asserted in this proceeding. Hamilton Tr. 205:4-205:10. Defendants' evolving, and sometimes contradictory, justifications for rescinding DACA require clarify from the decision maker.

### B. Defendants Have Obstructed Exhaustion of Less Intrusive Means and Further Efforts Are Impracticable in These Extraordinary Circumstances.

---

[3] The question of Plaintiffs' need to depose Acting Secretary Duke on their constitutional claims is distinct from the question of their need to depose her on their APA claims. With respect to the APA claims, Judge Alsup determined that Defendants' original production of the administrative record is inadequate, *see* AR Order at 5-8 (ECF 79), and the need for a deposition of the Acting Secretary on the APA claims depends in part on how Defendants comply with Judge Alsup's order. But in all events, Acting Secretary Duke should be deposed with respect to Plaintiffs' constitutional claims, because she has unique, first-hand knowledge of the events that gave rise to those claims.

[4] *See, e.g.*, *Tovar v. Billmeyer*, 721 F.2d 1260, 1265 (9th Cir. 1983) (plaintiff entitled to a preliminary injunction based on deposition testimony of defendant zoning board's unconstitutional motive).

[5] Note that despite Defendants' repeated recent assertions that Acting Secretary Duke was the sole decision-maker, there is significant evidence, that, in fact, Attorney General Jeff Sessions was at least as involved in the decision. *See, e.g., Batalla Vidal*, Order re Motion to Vacate (Oct. 17, 2017) [ECF 86] at 9-10. Plaintiffs are not conceding herein that Acting Secretary Duke was, in fact, the sole decision-maker. Rather, given Defendants' current position that she was, Plaintiff's position is that Defendants may not prevent her deposition on "apex" grounds.

[6] *See, e.g.*, Deposition of James Nealon, p. 69, lines 14-15 ("Nealon Tr.") ("[T]his was an important policy decision made by the Acting Secretary"); 70:12-16 (describing his role as: "Helping her understand exactly what DACA is, [and] . . . why and how it was under challenge. Helping her understand the consequences of those actions"); 194:21-23 ("the September 5 memo came from the Secretary down because she had made a decision"); Hamilton Tr. 92:5-9 ("Ultimately, it was exclusively [Acting Sec'y Duke's] decision [to terminate DACA].")

While "[c]ourts regularly require interrogatories, requests for admission, and depositions of lower level employees before allowing the deposition of an apex witness," *see Affinity Labs of Tex. v. Apple, Inc.*, 2011 WL 1753982, at *6 (N.D. Cal. Apr. 3, 2015), here, (1) Plaintiffs have served such written discovery,[7] and (2) Judge Alsup has set an expedited briefing schedule in an effort to timely resolve this matter. Thus, requiring exhaustion of lower-level employees before deposing Acting Secretary Duke is unnecessary, impracticable and counterproductive to the need for discovery to be completed promptly. *Cf.* Fed. R. Civ. P. 1.

Further, while they argue that deposition of Acting Secretary Duke is not necessary here, Defendants simultaneously have stonewalled Plaintiffs' efforts to get any information about the deliberations that lower-level staff may have engaged in (either with Acting Secretary Duke or independently) by repeatedly asserting objections based on the "deliberative process" privilege, which is the subject of a separate joint letter filed today. These objections cover key meetings at which these staff personally advised Acting Secretary Duke regarding DACA rescission.[8] Thus, while in some instances courts have found that depositions of lower-ranking officials could be a "viable alternative" to deposing high level individuals, *see, e.g., In re Cheney*, 544 F.3d 311, 314 (D.C. Cir. 2008),[9] Defendants have foreclosed these options here.[10]

By blocking Acting Secretary's Duke's deposition, Defendants seek to prevent Plaintiffs from getting information based on unique personal knowledge from—in Defendants' apparent current view—the one and only government official whose actions have any bearing on the core decision in this case. Under the exceptional circumstances of the decision-making process presented here, as well as the severe time constraints imposed by the March 5, 2018, date that Defendants have

---

[7] By contrast, in *Affinity Labs*, 2011 WL 1753982, at *10, the district court found the deposition of Steve Jobs to be unwarranted because plaintiff had not sought written discovery. *Id.*
[8] *See generally* Nealon Tr. at 69:18-77:14; 79:24-86:9.
[9] While Plaintiffs strongly believe that deposing Acting Secretary Duke is appropriate, not to say critical, in this matter, they are willing to consider reasonable means of ameliorating any "impairment of [DHS] in the performance of its constitutional duties" that Acting Secretary Duke's deposition may cause, *id.* at 313. Without committing to any particular measures, these could include flexibility on scheduling and limitations on the scope and length of questioning.
[10] Judge Alsup has partially overruled Defendants' assertion of deliberative process privilege as to documents in the administrative record, ruling that that factual portions of such documents should ordinarily be segregated and disclosed. AR Order at 8 n.6 (ECF 79); *see also id.* at 10-11 & n.7 (noting "qualified" nature of privilege and releasing a number of documents as to which Defendants asserted privilege). Defendants have continued to object to deposition questions on these grounds, including in the deposition that was underway when his order was issued, despite being advised of the ruling during that deposition.

set as DACA's termination date and the difficulty (due to Defendants' stonewalling) and inefficacy of getting discovery from lower-level staff, Plaintiffs must be allowed, consistent with Judge Alsup's statements in the October 16 hearing, to depose Acting Secretary Duke. Hearing Tr. 32:25-33:2, 33:7-33:8, 34:24-35:2 (ECF 78-1). Accordingly, Plaintiffs respectfully request the Court overrule Defendants' objections to her deposition notice and compel that deposition without further delay.

## II. DEFENDANTS' ARGUMENT

Rule 26(c) of the Federal Rules of Civil Procedure provides the Court with broad discretion, for good cause shown, to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). A protective order is necessary here because plaintiffs seek to depose a cabinet official and cannot establish that extraordinary circumstances exist that would justify the deposition.

It is well-established that senior government officials should not ordinarily be required to testify concerning their official actions for two reasons.[11] *See United States v. Morgan*, 313 U.S. 409, 422 (1941); *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985). First, it is necessary to insulate the agency's deliberative process from judicial scrutiny, thereby safeguarding constitutional separation of powers. *Morgan*, 313 U.S. at 422; *see also Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 268 n.18 (1977); *In re United States (Jackson)*, 624 F.3d 1368, 1373-74 (11th Cir. 2010). Second, high-level officials must be allowed to exercise their duties without interruption for depositions every time a civil action involves their agency. *See In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995); *Community Federal Savings & Loan v. Federal Home Loan Bank Board*, 96 F.R.D. 619, 621 (D.D.C. 1983). The Ninth Circuit, like its sister circuits, has recognized that "[h]eads of government agencies are not normally subject to deposition." *Kyle Eng'g Co. v. Kleppe*, 600 F.2d 226, 231-32 (9th Cir. 1979); *see also Green v. Baca*, 226 F.R.D. 624, 648 (C.D. Cal. 2005).[12]

---

[11]  As this sentence makes clear, Plaintiffs mischaracterize Defendants' position, which is not that "depositions of high-ranking officials are categorically impermissible."

[12]  It is common for appellate courts to issue writs of mandamus to prevent the compulsion of testimony by high-level government officials. *See In re McCarthy*, 636 Fed. Appx. 142 (4th Cir. 2015) (EPA Administrator); *In re United States (Reno & Holder)*, 197 F.3d 310, 313-14 (8th Cir. 1999) (Attorney General and Deputy Attorney General); *In re FDIC*, 58 F.3d 1055, 1060 (5th Cir. 1995) (FDIC Board of Directors members); *In re United States (Kessler)*, 985 F.2d 510, 512-13 (11th Cir. 1993) (FDA Commissioner). Given the extraordinary nature of mandamus as a remedy, *see In re Cheney*, 544 F.3d at 312, these decisions emphasize the courts' strong predilection against compelling the testimony of senior government officials.

The rare and narrow exception to this rule is when the party seeking the deposition can demonstrate the existence of extraordinary circumstances. *See Simplex Time Recorder Co.*, 766 F.2d at 586 ("[T]op executive department officials should not, absent extraordinary circumstances, be called to testify regarding their reasons for taking official actions."); *In re Office of Inspector Gen., R.R. Retirement Bd.*, 933 F.2d 276, 278 (5th Cir. 1991) (advising that the district court "shall remain mindful of the requirement that exceptional circumstances must exist *before* the involuntary depositions of high agency officials are permitted") (emphasis added); *In re United States (Reno & Holder);* 197 F.3d at 313; *In re United States (Kessler)*, 985 F.2d at 512. The heavy burden of establishing such extraordinary circumstances falls on the party seeking to take the official's testimony. *In re United States (Reno & Holder)*, 197 F.3d at 314.

To determine if the requisite extraordinary circumstances exist, courts consider whether the official has unique personal information essential to the case that could not be obtained from any less burdensome source. *In re United States (Reno & Holder)*, 197 F.3d at 314 (quashing subpoena issued to the Attorney General, finding that defendant failed to "show[ ] that there are no other sources for the information he seeks"); *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007) (affirming the issuance of a protective order precluding the deposition of the Mayor of Boston where plaintiff failed to demonstrate that the sought-after information was unavailable from other sources); *Thomas v. Cate*, 715 F. Supp. 2d 1012, 1049 (E.D. Cal. 2010) (setting forth standard). As the court in *In re United States (Reno & Holder)* explained, exceptional circumstances require a showing "*both* that the discovery sought [from the high-level government official] is relevant and necessary *and* that it cannot otherwise be obtained. . . . Without establishing this foundation, 'exceptional circumstances' cannot be shown sufficient to justify a subpoena [to high-level government officials]." 197 F.3d at 314 (internal citation omitted) (emphasis added).

Plaintiffs' primary reason for seeking Acting Secretary Duke's deposition is that she has first-hand knowledge regarding the decision to rescind DACA. The underlying decision-making process that Plaintiffs seek to probe through deposition testimony, however, is protected by a combination of the deliberative process privilege, the attorney-client privilege, the work product doctrine, and (in some circumstances) executive privilege. *See* Defs.' Opp. to Mot. to Compel Completion of AR at

6

12-16 (ECF No. 71). While Judge Alsup issued an order that rejected several of Defendants' arguments regarding these issues, *see* AR Order (ECF No. 79), Defendants filed a mandamus petition that challenges that Order, as well as discovery in this case generally. *See* ECF Nos. 86, 86-1. In their petition, Defendants noted that Judge Alsup "has indicated that [the Court] will permit the deposition of the Acting Secretary herself." Mandamus Petition at 29, ECF No. 86-1 at 32; *see generally* Oct. 16 Hearing Tr. 32:13-33:8 (discussion of Apex doctrine and potential deposition of Acting Secretary Duke). Within hours of the filing of that petition, the Ninth Circuit issued an Order stating that Defendants' petition "raises issues that warrant an answer." *See In re United States of America, et al.*, 9th Cir. No. 17-72917, Dkt. No. 2. Accordingly, at an absolute minimum, Acting Secretary Duke should not be subject to a deposition until the Ninth Circuit has had an opportunity to opine on whether discovery in this case should take place; whether Defendants have waived the attorney-client privilege; whether Plaintiffs can overcome Defendants' assertion of the deliberative process privilege; and whether Acting Secretary Duke can be deposed (should the Ninth Circuit decide the issue is properly presented). Guidance that the Ninth Circuit may provide on these and other issues may make the deposition entirely unnecessary. Indeed, Defendants' mandamus petition seeks a stay of ongoing discovery, including depositions of high-ranking government officials, to permit adjudication of Defendants' threshold legal issues regarding the non-reviewability of this action. A decision on those issues could obviate the need to decide the propriety of Acting Secretary Duke's deposition altogether.[13]

To the extent the Court is nonetheless inclined to decide the issue now, it should grant Defendants' request for a protective order. First, Plaintiffs seek to take the deposition of Acting Secretary Duke for the very reasons that courts typically quash such depositions: Plaintiffs want to explore the rationale underpinning agency action (here, the decision to rescind DACA). But where

---

[13] Even if this Court were to require the Acting Secretary's deposition, it should permit the parties an opportunity to meet-and-confer regarding an appropriate date given the Acting Secretary's other pressing commitments. The Acting Secretary has made multiple visits to Puerto Rico to address ongoing disaster response efforts. *See* https://www.dhs.gov/news/2017/10/12/dhs-acting-secretary-elaine-duke-visits-puerto-rico. And during the past week alone, she has traveled to meet with foreign leaders to advance efforts to combat terrorism, including to the UK for high-level bilateral meetings and Italy for a gathering of senior officials from G7 nations. *See* https://www.dhs.gov/news/2017/10/21/acting-secretary-homeland-security-elaine-duke-discusses-shared-efforts-combat. Defendants are in the process of checking on the Acting Secretary's schedule but do not yet have proposed dates that they can offer.

"a party challenges agency action as arbitrary and capricious the reasonableness of the agency's action is judged in accordance with its *stated* reasons." *In re Subpoena Duces Tecum*, 156 F.3d 1279, 1279 (D.C. Cir. 1998) (emphasis added). "That is because the actual subjective motivation of agency decisionmakers is *immaterial* as a matter of law—unless there is a showing of bad faith or improper behavior." *Id.* at 1279-80 (emphasis added). Second, and indisputably, subjecting the Acting Secretary to a deposition would be extraordinarily burdensome due to the many responsibilities that accompany running an executive department.[14]

Even setting these issues aside, Plaintiffs cannot demonstrate that extraordinary circumstances justify the deposition of Acting Secretary Duke. Plaintiffs claim that Defendants "stonewalled Plaintiffs' efforts to get any information about the deliberations that lower-level staff may have engaged in (either with Acting Secretary Duke or independently) by repeatedly asserting objections based on the 'deliberative process' privilege." As noted in the parties' concurrently filed letter brief, Plaintiffs' position is untenable because the deliberative information Plaintiffs seek is irrelevant to their claims.[15] *See* Mandamus Pet. at 19-26, ECF No. 86-1 at 22-29 (discussing both APA and constitutional claims); *In re Subpoena Duces Tecum*, 156 F.3d 1279, 1279 (D.C. Cir. 1998) (where "a party challenges agency action as arbitrary and capricious the reasonableness of the agency's action is judged in accordance with its *stated* reasons") (emphasis added). In any event, Defendants have made five witnesses available for depositions in the span of six business days. Those depositions included senior DHS officials and the Acting Secretary's senior policy advisor. There is thus nothing "extraordinary" that would justify the deposition of a cabinet secretary, especially if this Court resolves the parties' other discovery dispute.[16]

---

[14] "Under the Secretary's leadership, DHS is responsible for counterterrorism, cybersecurity, aviation security, border security, port security, maritime security, administration and enforcement of our immigration laws, protection of our national leaders, protection of critical infrastructure, detection of and protection against chemical, biological and nuclear threats to the homeland, and response to disasters." https://www.dhs.gov/secretary.

[15] In an attempt to manufacture contradiction that would require clarification from Acting Secretary Duke, Plaintiffs mischaracterize Gene Hamilton's deposition testimony as disputing that litigation risk was a basis for rescission. In fact, Hamilton testified that he was aware of lawsuits that have successfully blocked parts of executive orders. Hamilton Tr. 205:16-22.

[16] For example, if the Court upholds Defendants' privilege objections, Plaintiffs would be unable to obtain deliberative information from Acting Secretary Duke. But if the Court rules for Plaintiffs, they could obtain such information from lower-level officials. Under either scenario, deposing the Acting Secretary would be unnecessary and inappropriate.

Sincerely yours,

XAVIER BECERRA  
Attorney General

/s/ *James F. Zahradka II*

JAMES F. ZAHRADKA II  
Deputy Attorney General  
*Attorneys for Plaintiff State of California*

/s/ *Brad P. Rosenberg*

BRAD P. ROSENBERG  
Senior Trial Counsel  
Civil Division, Federal Programs Branch  
United States Department of Justice  
*Attorney for Defendants*

JFZ:

CC:     Jeffrey M. Davidson  
         Nancy L. Fineman  
         Theodore J. Boutrous, Jr.  
         Jonathan Weissglass