| | |
|---|---|
| Jeffrey M. Davidson (SBN 248620)<br>Alan Bersin (SBN 63874)<br>COVINGTON & BURLING LLP<br>One Front Street, 35th Floor<br>San Francisco, CA 94111-5356<br>Telephone: (415) 591-6000<br>Facsimile: (415) 591-6091<br>Email: jdavidson@cov.com,<br>abersin@cov.com | XAVIER BECERRA<br>Attorney General of California<br>MICHAEL L. NEWMAN<br>Supervising Deputy Attorney General<br>JAMES F. ZAHRADKA II (SBN 196822)<br>1515 Clay Street, 20th Floor<br>P.O. Box 70550<br>Oakland, CA  94612-0550<br>Telephone: (510) 879-1247<br>E-mail: James.Zahradka@doj.ca.gov |

*Attorneys for Plaintiffs The Regents of the University of California and Janet Napolitano, in her official capacity as President of the University of California*

*Attorneys for Plaintiff State of California*

GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR. (SBN 132099)
tboutrous@gibsondunn.com
ETHAN D. DETTMER (SBN 196046)
edettmer@gibsondunn.com
JESSE S. GABRIEL (SBN 263137)
jgabriel@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

JOSEPH W. COTCHETT (SBN 36324)
NANCY L. FINEMAN (SBN 124870)
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: nfineman@cpmlegal.com

*Attorneys for Plaintiff City of San Jose*

*Attorneys for Plaintiffs Dulce Garcia, Miriam Gonzalez Avila, Saul Jimenez Suarez, Viridiana Chabolla Mendoza, Norma Ramirez, and Jirayut Latthivongskorn*

JONATHAN WEISSGLASS (SBN 185008)
STACEY M. LEYTON (SBN 203827)
ERIC P. BROWN (SBN 284245)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email:  jweissglass@altber.com

*Attorneys for Plaintiffs County of Santa Clara and Service Employees International Union Local 521*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA and JANET NAPOLITANO, in her official capacity as President of the University of California,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY and ELAINE DUKE, in her official capacity as Acting Secretary of the Department of Homeland Security,<br><br>Defendants. | CASE NO. 17-CV-05211-WHA<br><br>**JOINT LETTER BRIEF REGARDING DEPOSITION OF ACTING SECRETARY OF HOMELAND SECURITY DUKE**<br><br>Judge: Honorable Sallie Kim |

| | |
|---|---|
| STATE OF CALIFORNIA, STATE OF MAINE, STATE OF MARYLAND, and STATE OF MINNESOTA,<br><br>  Plaintiffs,<br><br>  v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, ELAINE DUKE, in her official capacity as Acting Secretary of the Department of Homeland Security, and the UNITED STATES OF AMERICA,<br><br>  Defendants. | CASE NO. 17-CV-05235-WHA |
| CITY OF SAN JOSE, a municipal corporation,<br><br>  Plaintiffs,<br><br>  v.<br><br>DONALD J. TRUMP, President of the United States, in his official capacity, ELAINE C. DUKE, in her official capacity, and the UNITED STATES OF AMERICA,<br><br>  Defendants. | CASE NO. 17-CV-05329-WHA |
| DULCE GARCIA, MIRIAM GONZALEZ AVILA, SAUL JIMENEZ SUAREZ, VIRIDIANA CHABOLLA MENDOZA, NORMA RAMIREZ, and JIRAYUT LATTHIVONGSKORN,<br><br>  Plaintiffs,<br><br>  v.<br><br>UNITED STATES OF AMERICA, DONALD J. TRUMP, in his official capacity as President of the United States, U.S. DEPARTMENT OF HOMELAND SECURITY, and ELAINE DUKE, in her official capacity as Acting Secretary of Homeland Security,<br><br>  Defendants. | CASE NO. 17-CV-05380-WHA |

| | |
|---|---|
| COUNTY OF SANTA CLARA and SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 521,<br><br>    Plaintiffs,<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, JEFFERSON BEAUREGARD SESSIONS, in his official capacity as Attorney General of the United States; ELAINE DUKE, in her official capacity as Acting Secretary of the Department of Homeland Security; and U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>    Defendants. | CASE NO. 17-CV-05813-WHA |

1  The undersigned hereby attest that counsel for Defendants and counsel for Plaintiffs met and
2  conferred telephonically on October 17-20, 2017 and finalized the procedures for drafting the joint
3  letter on October 20, 2017. The parties have complied with Section 9 of the Northern District's
4  Guidelines for Professional Conduct regarding discovery before filing this joint letter brief.

Dated:  October 23, 2017                              Respectfully submitted,

FOR PLAINTIFFS:                                       FOR DEFENDANTS:

XAVIER BECERRA                                        CHAD A. READLER
Attorney General of California                        Acting Assistant Attorney General
MICHAEL L. NEWMAN
Supervising Deputy Attorney General                   BRIAN STRETCH
                                                      United States Attorney
/s/ James F. Zahradka II
JAMES F. ZAHRADKA II                                  BRETT A. SHUMATE
Deputy Attorney General                               Deputy Assistant Attorney General

CHRISTINE CHUANG                                      JENNIFER RICKETTS
REBEKAH A. FRETZ                                      Branch Director
RONALD H. LEE
KATHLEEN VERMAZEN RADEZ                               JOHN R. TYLER
SHUBHRA SHIVPURI                                      Assistant Branch Director
1515 Clay Street, 20th Floor
P.O. Box 70550                                        /s/ Brad P. Rosenberg
Oakland, CA  94612-0550                               BRAD P. ROSENBERG (DC Bar #467513)
Telephone: (510) 879-1247                             Senior Trial Counsel
                                                      STEPHEN M. PEZZI (DC Bar #995500)
*Attorneys for Plaintiff State of California*         KATE BAILEY (MD. Bar #1601270001)
                                                      Trial Attorneys
                                                      United States Department of Justice
Jeffrey M. Davidson (SBN 248620)                      Civil Division, Federal Programs Branch
Alan Bersin (SBN 63874)                               20 Massachusetts Avenue N.W.
COVINGTON & BURLING LLP                               Washington, DC  20530
One Front Street, 35th Floor                          Phone: (202) 514-3374
San Francisco, CA 94111-5356                          Fax: (202) 616-8460
Telephone: (415) 591-6000                             Email: brad.rosenberg@usdoj.gov
Facsimile: (415) 591-6091
Email: jdavidson@cov.com,                             *Attorneys for Defendants*
abersin@cov.com

*Attorneys for Plaintiffs The Regents of the University*
*of California and Janet Napolitano, in her official*
*capacity as President of the University of California*

JOINT LETTER BRIEF REGARDING
DEPOSITION OF ACTING SECRETARY OF HOMELAND SECURITY DUKE
All DACA Cases (Nos. 17-5211, 17-5235, 17-5329, 17-5380, 17-5813)
iv

GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR. (SBN 132099)
tboutrous@gibsondunn.com
ETHAN D. DETTMER (SBN 196046)
edettmer@gibsondunn.com
JESSE S. GABRIEL (SBN 263137)
jgabriel@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

*Attorneys for Plaintiffs Dulce Garcia, Miriam Gonzalez Avila, Saul Jimenez Suarez, Viridiana Chabolla Mendoza, Norma Ramirez, and Jirayut Latthivongskorn*


JOSEPH W. COTCHETT (SBN 36324)
NANCY L. FINEMAN (SBN 124870)
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: nfineman@cpmlegal.com

*Attorneys for Plaintiff City of San Jose*


JONATHAN WEISSGLASS (SBN 185008)
STACEY M. LEYTON (SBN 203827)
ERIC P. BROWN (SBN 284245)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email:  jweissglass@altber.com

*Attorneys for Plaintiffs County of Santa Clara and Service Employees International Union Local 521*

October 23, 2017

The Honorable Sallie Kim
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

      Re:     Application of the Attorney-Client, Deliberative Process and Executive Privileges to Deposition Testimony in *State of California v. Department of Homeland Security* Case No. 17-cv-5235-WHA (N.D. Cal.) and related cases

Dear Judge Kim:

The parties jointly submit this letter brief concerning Defendants' assertion of the attorney-client and deliberative process privileges during five depositions.[1]  These issues are likely to recur in depositions scheduled over the next two weeks.

**I.    Plaintiffs' Argument**

Defendants have taken the position that the attorney-client privilege and deliberative process privilege categorically preclude any inquiry into the substance of the agency's decision to rescind DACA.[2]  This position is inconsistent with Ninth Circuit precedent as well as Judge Alsup's AR Order[3], holding that (1) Defendants have waived attorney-client privilege by asserting the legality of DACA and/or litigation risk as the ground for agency action and (2) the factors articulated in *F.T.C. v. Warner Commun. Inc.*, 742 F.2d 1156, 1161 (9th Cir. 1984), require disclosure of further materials notwithstanding any application of the deliberative process privilege.  Plaintiffs ask this Court to (1) overrule the privilege objections that Defendants interposed during the witnesses' depositions; (2)

---

[1] Relevant portions of the deposition transcripts are attached as Exhibits A-D; assertions of the attorney-client privilege and deliberative process privilege are highlighted.  Further background regarding this case is found in the joint letter relating to the "apex doctrine," which the parties submitted to the Court earlier today.
[2] *See, e.g.*, Nealon Tr. 182:6-12 (counsel explaining Defendants' position that privilege covered all "substantive statements" made at agency meetings regarding DACA other than the witness's description, "at a high level of generality," of the topics discussed at those meetings).
[3] Defendants argue that the fact that they have filed for mandamus with the Ninth Circuit means that a ruling by this Court would be "premature."  However, this case is on an expedited timeline and these issues cannot wait for resolution, especially given the fact that depositions are taking place almost daily.  Further, the Ninth Circuit has not ruled on Defendants' request for an administrative stay.

1

permit Plaintiffs to conduct additional depositions of these witnesses, if necessary;[4] (3) order the witnesses to produce documents referenced in their testimony as discussed below; and (4) limit Defendants' assertion of the attorney-client and deliberative process privileges in subsequent depositions consistent with the AR Order and this Court's resolution of the instant issue.

### A. The Court Should Overrule Defendants' Attorney-Client Privilege Assertions.

The attorney-client privilege is strictly construed. *Weil v. Inv./Indicators, Research & Mgt., Inc.*, 647 F.2d 18, 24 (9th Cir. 1981). The party asserting the privilege bears the burden of proving both that it applies and that it has not been waived. *Id.* at 25. As Judge Alsup recognized, the privilege "may not be used both as a sword and a shield," and "[w]here a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." *Chevron Corp. v. Pennziol Co.*, 974 F.2d 1156, 1162 (9th Cir. 1992); *see* AR Order at 9 (ECF 79).

Granting in part Plaintiffs' motion to supplement the administrative record, Judge Alsup found that Defendants waived attorney-client privilege by placing the legality of DACA at issue in the decision to rescind. AR Order at 9. The same analysis holds for deposition testimony regarding Defendants' assessment of the legality of DACA or evaluation of the litigation risk associated with retaining DACA. Plaintiffs therefore ask the Court to overrule Defendants' objections based on attorney-client privilege to such testimony during the Nealon, McCament, Miller, and Neufeld depositions[5] and to prevent Defendants from asserting it in later depositions as to such testimony.[6]

---

[4] Defendants urge the Court not to re-open depositions, but "explore potential alternatives to deposition testimony." While Plaintiffs stand ready to maximize the efficiency of discovery, this Court should not reward Defendants for making inappropriate privilege objections by allowing deponents to avoid providing live testimony.

[5] Nealon Tr. 52:25-53:10, 54:1-9, 54:14-20, 54:22-55:1, 79:9-15, 84:24-85:5, 86:1-6, 87:16-21, 87:23-88:4, 123:7-11, 145:12-19; McCament Tr. 81:16-82:2, 84:1-6, 129:10-17, 130:2-10; Miller Tr. 96:1-5, 96:17-24, 97:3-9; Neufeld Tr. 79:3-7, 87:15-20, 91:5-20, 127:8-17, 150:5-15.

[6] Defendants' assertion that Judge Alsup applied a "limiting principle" on his ruling relating to attorney-client privilege that affects the analysis here falls flat. The "legality of DACA" and "litigation risk" regarding which Plaintiffs assert a right to obtain testimony are directly tied to the question of whether DACA "was an unlawful exercise of executive power." The latter is the basis on which Texas and other states threatened to expand their lawsuit, AR 238-240 (ECF 64-1), a threat which ostensibly was Defendants' rationale for their decision.

2

**B.     The Court Should Overrule Defendants' Deliberative Process Objections.**

The deliberative process privilege was developed to "protect the quality of agency decisions" by "promot[ing] frank and independent discussion among those responsible for making governmental decisions" and "protect[ing] against premature disclosure of proposed agency policies or decisions." *Warner*, 742 F.2d at 1161.  It is a qualified privilege only, applicable to "predecisional" documents containing "opinions, recommendations, or advice about agency policies." *Id.*  The privilege may be overcome where the litigant's need for the materials and the public's need "for accurate fact-finding override the government's interest in non-disclosure." *Id.*  The *Warner* court articulated four factors to consider: "1) the relevance of the evidence; 2) the availability of other evidence; 3) the government's role in the litigation; and 4) the extent to which disclosure would hinder frank and independent discussion regarding contemplated policies and decisions." *Id.*

Applying the *Warner* factors favors disclosure in this matter.  First, Defendants have made agency materials and deliberation regarding the legality and litigation risk of DACA directly relevant to this litigation by basing their decision to terminate DACA based on those two factors, AR 255 (ECF 64-1)—a rationale which Judge Alsup characterized as "the exact opposite of the decision by the very same agency in February where they decided to carve out the DACA program from any revocation."  Hearing Tr. 26:1-3 (ECF 78-1); *see Elec. Frontier Found. v. U.S. Dept. of J.*, 739 F.3d 1, 11 (D.C. Cir. 2014) (privilege does not apply "when predecisional recommendations . . . are expressly adopted in [a] final, nonexempt memorandum").[7]

---

[7] Although discovery is the exception to the rule in APA cases, the Ninth Circuit has recognized that discovery may be appropriate where there is limited time for judicial review of an agency action, when deposition or other materials outside of the record are necessary to determine whether the agency has considered all relevant factors or explained the basis for its action, when there is evidence the agency relied on materials outside of the administrative record, or when plaintiffs made a showing of bad faith. *Natl. Audubon Soc. v. U.S. Forest Serv.*, 46 F.3d 1437, 1447 & n.9 (9th Cir. 1993). All of these factors are present here.

Defendants' argument that the legal analysis underlying the DACA rescission decision—other than the Attorney General's letter which is part of the AR—has not been incorporated into the final decisional document is unavailing. Judge Alsup expressly—and correctly—found that Defendants could not assert privilege to "conceal all . . . legal analysis

The basis of Defendants' decision is also directly at issue in Plaintiffs' equal protection and due process claims, including claims that the agency's proffered justification serves as a fig-leaf for the scapegoating of immigrants; that the agency was motivated by improper discriminatory intent and animus toward Mexican and Latino immigrants; and that the agency intends to renege on its promises to DACA applicants not to use the sensitive information they provided in their applications for immigration enforcement purposes.  Tellingly, Defendants utterly fail to discuss these claims in their discussion of the first *Warner* factor.[8]

Second, these materials and communications are the **only** source of information about the agency's intent and potential animus—a fact heavily favoring disclosure, particularly given the civil rights implications here.[9]  Third, the government's deliberations on rescission are central to this case "and its intent in crafting the policy is a primary issue." *Az. Dream Act Coalition v. Brewer*, 2014 WL 171923, at *3 (D. Ariz. Jan. 15, 2014).  Fourth, the public need "for accurate fact-finding override[s] the government's interest in non-disclosure" in this matter. *Warner*, 742 F.2d at 1161.  As the D.C. Circuit explains, when the agency adopts predecisional recommendations into a final, nonexempt memorandum "there is no longer any need to protect the consultative process." *Afshar v. Dept. of State*, 702 F.2d 1125, 1142 (D.C. Cir. 1983).[10]

---

[other than the Attorney General's letter] available to the Acting Secretary and Attorney General."  Accordingly, Judge Alsup overruled Defendants' objections as to a number of documents on **both** attorney-client and deliberative process grounds, rejecting this argument.  *Compare* AR Order at 13 with Privilege Log (ECF 71-2).

[8] Defendants attempt to incorporate large swaths of their mandamus petition by reference, an improper attempt to circumvent this Court's page limit on joint letters and direction that "relevant legal authority" should be contained in the letter itself.  The Court should not consider these arguments; if it decides to consider them, Plaintiffs should be allowed to supplement this letter with a corresponding number of pages.

[9] As the D.C. Circuit explains, "if either the Constitution or a statute makes the nature of governmental officials' deliberations the issue, the privilege is a nonsequitur." *In re Subpoena Duces Tecum*, 145 F.3d 1422, 1424 (D.C. Cir.), *modified*, 156 F.3d 1279 (D.C. Cir. 1998); *see also L.H. v. Schwarzenegger*, 2007 WL 2009807, at *8 (E.D. Cal. July 6, 2007) ("when the issues involved are alleged violations of federally-protected civil rights, courts have consistently found that [the] need [for deliberative materials] is heightened and the privilege is outweighed").

[10] Defendants point to a few scraps of ostensibly "substantive" testimony Plaintiffs have managed to obtain despite Defendants' blanket objections as undermining Plaintiffs on this score.  But the fact that these weak, marginally relevant statements are the best Defendants can point to actually supports Plaintiffs' arguments, showing how Defendants' objections prevented meaningful testimony as to the substance of the relevant deliberations.

Applying the *Warner* factors on *in camera* review of the government's submission of materials withheld from the administrative record based on the deliberative process privilege, Judge Alsup ordered numerous items to be disclosed. AR Order at 13. Plaintiffs ask this Court to do the same with respect to information sought through deposition, including information pertaining to Defendants' legal analysis;[11] whether Defendants failed to consider relevant factors in their deliberations about rescinding DACA;[12] whether Defendants intend to misuse DACA grantees' personal information for immigration enforcement purposes;[13] and whether Defendants may have relied on other, unstated rationales to rescind the DACA program.[14] The need for accurate judicial fact-finding on a decision that will affect the lives and well-being of more than 800,000 individuals and their families and communities clearly outweighs whatever residual interest the government may have in protecting the "frank" communications that have already been the subject of an Office of Legal Counsel memorandum and briefing in prior litigation.[15]

Finally, any applicable privilege is limited to "predecisional" documents containing "opinions, recommendations, or advice," *Warner*, 742 F.2d at 1161, that cannot be readily segregated from non-privileged materials. *Pac. Fisheries, Inc. v. United States*, 539 F.3d 1143, 1148 (9th Cir 2008); see *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866, 869 (D.C. Cir. 1980) (privilege generally does not apply to directives from senior officials to subordinates). Accordingly, the Court should overrule Defendants' blanket objections to the extent they seek to assert privilege as to (1) facts, (2) matters that were no longer predecisional, or (3) segregable non-privileged matter.[16]

---

[11] E.g., Nealon Tr. 52:25-53:11, 54:1-55:1 (counsel's input on rescission); McCament Tr. 248:17-249:3.
[12] E.g., Nealon Tr. 51:11-19, 176:21-177:1; Neufeld Tr. at 48:17-21, 91:5-20, 127:8-17 (questions re. implementation).
[13] E.g., Nealon Tr. 141:2-10, 142:4-24; McCament Tr. 37:4-15; Miller 59:10-17.
[14] E.g., Nealon Tr. 150:23-151:3, 153:21-154:2, 156:1-17, 163:19-25, 164:12-18 (other considerations); Neufeld Tr. 150:5-15 (reference to DACA recipients as "criminals").
[15] *See* AR at 21 n.8 (ECF 64-1); *see also, e.g.*, Brief of United States as Amicus Curiae at 22-28, *Arizona Dream Act Coalition v. Brewer*, No. 15-15307 (9th Cir. Aug. 28, 2015), ECF No. 62.
[16] (1) E.g., Nealon Tr. 74:22-75:1 (factual report of numbers of unaccompanied minors); Miller Tr. 120:23-121:8, 124:8-17, 124:24-125:5 (number of ICE enforcement actions against DACA beneficiaries). (2) E.g., Nealon Tr. 69:14-16 (describing the decision to rescind DACA one "made by the Acting Secretary" and explaining that it was important that

### C. Defendants Improperly Interposed Privilege Objections Relating to the President-Elect's Transition Activities.

In the deposition of Gene Hamilton, Defendants repeatedly asserted executive privilege and deliberative process privilege to block testimony about President Trump's transition team's pre-inauguration activities.[17] However, courts have rejected the application of privileges in this time frame.[18] In a very recent case relating to President Trump's transition team, a magistrate judge overruled the executive privilege asserted by Kansas Secretary of State Kris Kobach regarding communications during his meetings with the President-elect and his transition team. *Fish v. Kobach*, 2017 WL 1373882, at *6, *8 (D. Kan. Apr. 17, 2017). The District Court judge agreed on review, reasoning that even where the privilege was extended to former presidents, the privilege covered only a president's communications while in office. *Fish v. Kobach*, 2017 WL 1929010, at *5 (D. Kan. May 10, 2017). Simply put, the President-elect is not the President, and the communications and decisions by the President-elect are therefore not protected by privileges accorded to communications and decisions by an incumbent President.

## II. Defendant's Argument

Plaintiffs would have this Court overrule all of Defendants' attorney-client and deliberative process privilege objections during depositions, regardless of the question asked or the information sought. That categorical approach is inconsistent with this Court's own approach to deposition objections generally, would be unworkable as applied to specific questions and objections, and ignores critical aspects of Judge Alsup's AR Order that evaluated the assertion of the deliberative

---

he, as the acting head of the office of policy, "be aware of [that decision]"); Miller Tr. 220:20-25, 225:23-226:8, 226:19-227:1 (materials in a press packet and prepared response to expected questions); Neufeld Tr. 87:15-20, 122:16-124:10, 131:3-12 (post-decisional communication). (3) E.g., Nealon Tr. 180:3-182:12 (explaining Defendants' position that privilege covers all "substantive statements" re. DACA, including all "**information** that's delivered in predecisional [meetings]" [emphasis added]).

[17] Hamilton Rough Tr. 60:20-61:11; 62:7-14; 197:7-12.

[18] Note that despite Defendants' implications to the contrary, Plaintiffs do not concede that the "elements of executive privilege apply to the communications at issue." Plaintiffs reserve the right to contest this assertion if they deem it necessary to do so.

6

process privilege on a case-by-case basis.

### 1. Attorney-Client Privilege.

Defendants, of course, acknowledge that Judge Alsup's Order regarding the administrative record notes that Defendants have waved the attorney-client privilege for "materials that bore on whether or not DACA was an unlawful exercise of executive power and therefore should be rescinded." AR Order at 10. Defendants, however, have filed a Mandamus Petition with the Ninth Circuit that, among other things, addresses whether Defendants have waived the attorney-client privilege. *See* Mandamus Pet. at 23, ECF No. 86-1 at 26.[19] And within hours of the filing of that Mandamus Petition, the Ninth Circuit issued an order noting that Defendants' petition "raises issues that warrant an answer" and setting a schedule pursuant to which briefing will be complete by 9:00 a.m. PST on Wednesday, October 25, 2017. *In re United States of America, et al.*, 9th Cir. No. 17-72917, Dkt. No. 2. Accordingly, it would be premature for this Court to address the application of the attorney-client privilege to deposition testimony in light of any potential guidance that the Ninth Circuit may provide in the coming days.[20]

Even if this Court were to address the issue, Judge Alsup's Order only applies to "materials" concerning whether or not DACA was an unlawful exercise of executive power in the context of whether the policy should be rescinded. *See* AR Order at 10. Plaintiffs seek to stretch that decision to broader categories of "Defendants' assessment of the legality of DACA" generally, regardless of the context of the assessment, "or evaluation of litigation risk associated with retaining DACA,"

---

[19] All references to the docket are to Case No. 3:17-cv-05211-WHA.
[20] Defendants believe that this Court erred because review of the APA claims in this case is limited to whether the Acting Secretary's decision to rescind DACA was irrational, *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983), which in turn is based on whether the "contemporaneous explanation of the agency decision" is "sustainable on the administrative record made," *Camp*, 411 U.S. at 143. Unlike the case cited by Plaintiffs in this letter, this is therefore not a circumstance in which "a litigant waives the attorney-client privilege by putting the lawyer's performance at issue during the course of litigation." *Bittaker v. Woodford*, 331 F.3d 715, 719 (9th Cir. 2003) (en banc). While Plaintiffs cite *National Council of La Raza v. Department of Justice* for the proposition that attorney-client privilege can be waived by an administrative agency, the case in inapplicable here, as "mere reliance" on legal conclusions "does not necessarily involve reliance" on otherwise privileged legal analysis. 411 F.3d 350, 358.

regardless of whether that analysis turned on the question of the policy being an "unlawful exercise of executive power"—a specific limiting principle that Judge Alsup applied.  AR Order at 10.  Because context—including the specific question being asked in a deposition—matters a great deal, *see infra*, Defendants respectfully believe that this Court can best address assertions of privilege in the context of specific deposition questions that may arise in future depositions.

   **2.      Deliberative Process Privilege.**

   Just as with Plaintiffs' arguments regarding the attorney-client privilege, it would be premature for this Court to provide relief regarding plaintiffs' deliberative process privilege claims because Defendants have raised the Court's treatment of that privilege in their Ninth Circuit mandamus petition as well.  *See* Mandamus Pet. at 19-26, ECF No. 86-1 at 22-29.

   Alternatively, Plaintiffs fail to meet the four-part *Warner* test for overcoming Defendants' assertion of deliberative process privilege.  First, the information they seek—internal agency deliberations—is entirely irrelevant to their APA claim.  *See* Mandamus Pet. at 19-24, ECF No. 86-1 at 22-27; *see generally In re Subpoena Duces Tecum*, 156 F.3d 1279, 1279 (D.C. Cir. 1998) (where "a party challenges agency action as arbitrary and capricious thereasonableness of the agency's action is judged in accordance with its *stated* reasons") (emphasis added).  Nor is it relevant to Plaintiffs' constitutional claims.  *See generally id.* at 24-26, ECF No. 86-1 at 27-29.  Plaintiffs attempt to side-step this problem by arguing that deliberations regarding the legality of DACA are somehow incorporated into the rescission memorandum in a manner that makes pre-decisional deliberations part and parcel of the final decision itself.  But Plaintiffs describe the reference to legality and litigation risk in the memorandum as "cursory," *supra*; *see* AR 255 (ECF 64-1), which falls short of the incorporation standard in the primary case that Plaintiffs cite.  *See, e.g.*, *Elec. Frontier Found. v. U.S. Dept. of J.*, 739 F.3d 1, 11 (D.C. Cir. 2014) (privilege does not apply "when predecisional recommendations . . . are *expressly adopted* in [a] final, nonexempt memorandum") (emphasis added);

8

*see also Common Cause v. IRS*, 646 F.2d 656, 660 (D.C. Cir. 1981) ("[C]asual allusion in a post-decisional document to subject matter discussed in some pre-decisional, intra-agency memoranda is not the express adoption or incorporation by reference which . . . would remove the protection of [privilege]"). And in any event, to the extent the rescission memorandum "expressly adopt[s]" the Attorney General's letter to Acting Secretary Duke, that letter is already part of the administrative record. *See* AR 251 (ECF 64-1).

Nor can Plaintiffs meet the second *Warner* factor: Whether other evidence is available. Plaintiffs claim that the privileged testimony is "the only source of information about the agency's intent and potential animus." *Supra.* But that assertion ignores the non-deliberative information that Plaintiffs have already received through deposition testimony; it certainly does not justify the blanket relief Plaintiffs seek here. That is because the type of information elicited from a witness, including whether it is privileged, "depend[s] on how questions are phrased." *Protective Nat. Ins. Co. of Omaha v. Commonwealth Ins. Co.*, 137 F.R.D. 267, 280 (D. Neb. 1989). For example, Plaintiffs cite a portion of the McCament deposition where they ask, "what do you remember about the internal discussions at USCIS" regarding the use of DACA information for immigration enforcement purposes. *See* McCament Dep. Tr. 36:2-37:14. The witness was (appropriately) instructed not to answer unless he could do so "without revealing deliberative information." While the witness did not answer that *particular* question, he did provide extensive, non-deliberative testimony regarding the topic when questions crafted to elicit non-deliberative information were asked. *See id.* at 37:15-38:11 (testimony that, "if the program was being built and the assurance that was being provided, within parameters set out in our FAQs, that we would intend to keep that").[21]

---

[21] Any sort of blanket relief would also be inconsistent with Judge Alsup's approach regarding Defendants' assertion of deliberative process privilege. While Defendants disagree with the Court's rulings regarding privilege and believe that the Court did not adequately address privileges as applied to particular documents, the Court did nonetheless individually review and rule on the application of privileges on a document-by-document basis. *See* AR Order.

There can also be no doubt that disclosure of the information plaintiffs seek would have a chilling effect on internal governmental deliberations, which the deliberative process privilege protects. *See, e.g.*, *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980) (deliberative process privilege "serves to assure that subordinates within an agency will feel free to provide the decisionmaker with their uninhibited opinions and recommendations without fear of later being subject to public ridicule or criticism"). That is especially true where, as here, Plaintiffs seek testimony that reaches into the core of the decisionmaking process.

Finally, Plaintiffs ask this Court to overrule Defendants' objections to the extent they seek to assert privilege as to factual matters, matters that were no longer predecisional, or segregable non-privileged information. But much of the information that Plaintiffs are seeking in this case relates purely to internal agency discussions of type that are not easily segregable; as noted above, Plaintiffs have asked questions that seek information regarding the deliberations themselves. By contrast, to the extent Plaintiffs have sought factual information in depositions, Defendants have provided it when the information can be segregated. It is not the case that Defendants have invoked some sort of ironclad objection to "all substantive statements," as Plaintiffs put it. *Supra* n.13. To the contrary, in the portion of the transcript Plaintiffs cite for this proposition, a witness provided substantive testimony that "the Acting Secretary was interested in how many people are affected" by the rescission. Nealon Tr. 74:16-23. Similarly, in Deputy Director McCament's deposition, Defendants did not object to testimony about what research tasks USCIS performed following a White House meeting, *see* McCament Tr. 101:8-21, but only objected when Plaintiffs asked if this specific information was gathered to inform the decision-making process leading to the rescission of DACA. *Id.* That information, which "would expose 'the decision-making process' itself to public scrutiny by revealing the agency's evaluation" of the facts, is subject to privilege. *See Nat'l Wildlife Federation v. U.S. Forest Service*, 861 F.2d 1114, 1118 (9th Cir. 1988).

10

### 3. Executive Privilege

Executive privilege exists so that the President and his advisors are "free to explore alternatives in the process of shaping policies and making decisions" while carrying out his Article II duties. *U.S. v. Nixon*, 418 U.S. 683, 708 (1974). Plaintiffs do not contest that the elements of executive privilege apply to the communications at issue. Rather, they contest whether such privilege should apply during the transition period between election and inauguration. However, in order for the President to effectively begin governing on inauguration day, he must be afforded executive privilege as President-elect while forming the very policies that will be implemented at the beginning of his presidency. Plaintiffs' reliance on one unpublished opinion, *Fish v. Kobach*, to categorically deny executive privilege to all of the President-elect's activities is unpersuasive. 2017 WL 1929010, (D. Kan. May 10, 2017). Unlike Mr. Kobach, Gene Hamilton was a member of the President-elect's transition team, and his communications concerning the advice to be given to the President-elect in exercising his Article II duties goes to the heart of executive privilege.

If this Court orders any relief, it should provide guidelines for the invocation of privileges but allow Defendants to assert specific objections and instructions not to answer, which Plaintiffs can then take up on a case-by-case basis. To the extent Plaintiffs are seeking the production of documents, Defendants believe that the parties have not yet conferred regarding that issue and, in any event, as of the date of this letter Defendants' obligation to produce documents in response to document requests has not yet begun. Finally, Defendants do not believe that it would be appropriate to re-open depositions that have already taken place; instead, if the Court overrules Defendants' objections, the parties should be directed to meet-and-confer to explore potential alternatives to deposition testimony that would provide Plaintiffs with equivalent substantive relief.

Sincerely yours,

| | |
|---|---|
| Xavier Becerra<br>Attorney General<br><br>*/s/ James F. Zahradka II*<br><br>James F. Zahradka II<br>Deputy Attorney General<br>*Attorneys for Plaintiff State of California* | */s/ Brad P. Rosenberg*<br><br>Brad P. Rosenberg<br>Senior Trial Counsel<br>Civil Division, Federal Programs Branch<br>United States Department of Justice<br>*Attorney for Defendants* |

JFZ:

CC:    Jeffrey M. Davidson
         Nancy L. Fineman
         Theodore J. Boutrous, Jr.
         Jonathan Weissglass