IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA and JANET NAPOLITANO, in her official capacity as President of the University of California,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY and ELAINE DUKE, in her official capacity as Acting Secretary of the Department of Homeland Security,<br><br>Defendants. | No. C 17-05211 WHA<br>No. C 17-05235 WHA<br>No. C 17-05329 WHA<br>No. C 17-05380 WHA<br>No. C 17-05813 WHA<br><br>**ORDER RE MOTION TO MAINTAIN ANONYMITY** |

Plaintiffs move for an order permitting a non-party declarant who is a DACA recipient, and college senior at the University of California, Berkeley, to proceed anonymously in this action. They argue that such an order is justified because requiring the declarant to use her name would create a "significant risk of retaliatory harm," and "anonymity is necessary to preserve [her] privacy in highly personal information" (Dkt. No. 125 at 2). In addition to filing her declaration under a pseudonym, and sealing any reference to her true name, plaintiffs seeks to shield her identity from defendants (Dkt. No. 126 at 1).

Defendants do not oppose plaintiffs' motion to file the declarant's name under seal, but do oppose plaintiffs' request that the identity of the declarant be withheld from defendants (Dkt. No. 125-1 ¶ 3 (Davidson Declaration)).

Parties are permitted to proceed under pseudonyms "in the unusual case when nondisclosure of the party's identity is necessary . . . to protect a person from harassment, injury, ridicule, or personal embarrassment." *Doe I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068–69 (9th Cir. 2000). The Ninth Circuit has identified three circumstances where it may be appropriate for a party to proceed anonymously: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of a sensitive and highly personal nature; and, (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *Id.* at 1068.

Here, both the first and second rationales apply. The declarant's concern that, should she be required to reveal her full name, she risks physical or mental harm is reasonable. *See Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010). As she observes, this action has garnered significant media attention, and has drawn polarized responses. Moreover, the declarant is a college student just at the outset of her career, and is therefore particularly vulnerable to retaliation. Additionally, her declaration is of a highly personal nature detailing her and her family's experience in the immigration system, and their immigration status. This too supports the use of a pseudonym to avoid embarrassment.

The public does not have such a strong interest in knowing the declarant's full name as to override these concerns. Allowing the declarant to proceed under a pseudonym will in no way obstruct the public from scrutinizing the issues in this action because the legal challenge is not tied to this particular declarant's identify.

Accordingly, the declarant may proceed by first name and last initial in this action. The declarant may not, however, shield her identity from defendants. Defendants have a clear right to know the identity of the individual providing statements to support the case against them, and to have an opportunity to test those statements by, for example, taking her deposition and/or conducting an investigation to test the truth of her statements. Moreover, the declarant is not critical to this suit as there are already ample plaintiffs, including other named individuals. Accordingly, her participation is not required to fully adjudicate this action, and the threat that

2

she may withdraw her declaration if her identity is not protected from defendants does not overcome their right to know.

The declarant may proceed under her first name and last initial moving forward. Nevertheless, she must serve unredacted copies of her declaration upon defendants.

**IT IS SO ORDERED.**

Dated: November 8, 2017.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE