Jeffrey M. Davidson (SBN 248620)
Alan Bersin (SBN 63874)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94111-5356
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: jdavidson@cov.com,
abersin@cov.com
*Attorneys for Plaintiffs The Regents of the University of California and Janet Napolitano, in her official capacity as President of the University of California*

Theodore J. Boutrous, Jr. (SBN 132099)
Ethan D. Dettmer (SBN 196046)
Jesse S. Gabriel (SBN 263137)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
Email: tboutrous@gibsondunn.com,
edettmer@gibsondunn.com,
jgabriel@gibsondunn.com
*Attorneys for Plaintiffs Dulce Garcia, Miriam Gonzalez Avila, Saul Jimenez Suarez, Viridiana Chabolla Mendoza, Norma Ramirez, and Jirayut Latthivongskorn*

XAVIER BECERRA
Attorney General of California
MICHAEL L. NEWMAN
Supervising Deputy Attorney General
JAMES F. ZAHRADKA II (SBN 196822)
Deputy Attorney General
1515 Clay Street, 20th Floor
Oakland, CA  94612-0550
Telephone: (510) 879-1247
E-mail: James.Zahradka@doj.ca.gov
*Attorneys for Plaintiff State of California*

Joseph W. Cotchett (SBN 36324)
Justin T. Berger (SBN 250346)
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: jberger@cpmlegal.com
*Attorneys for Plaintiff City of San Jose*

Jonathan Weissglass (SBN 185008)
Stacey M. Leyton (SBN 203827)
Eric P. Brown (SBN 284245)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: jweissglass@altber.com
*Attorneys for Plaintiffs County of Santa Clara and Service Employees International Union Local 521*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| REGENTS OF UNIVERSITY OF CALIFORNIA and JANET NAPOLITANO, in her official capacity as President of the University of California,<br><br>        Plaintiffs,<br><br>        v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY and ELAINE DUKE, in her official capacity as Acting Secretary of the Department of Homeland Security,<br><br>        Defendants. | CASE NO. 17-CV-05211-WHA<br><br>**PLAINTIFFS' MOTION TO STAY IMPLEMENTATION OF THE COURT'S OCTOBER 17, 2017 AND NOVEMBER 16, 2017 ORDERS IN ORDER TO RESOLVE THE PENDING MOTIONS WITHOUT FURTHER INTERLOCUTORY APPEALS BY DEFENDANTS**<br><br>Judge: Honorable William Alsup<br>Hearing: December 28, 2017, 8:00 a.m. |

| | |
|---|---|
| STATE OF CALIFORNIA, STATE OF MAINE, STATE OF MARYLAND, STATE OF MINNESOTA, <br><br>　　　　　　Plaintiffs, <br><br>　　　　v. <br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, ELAINE DUKE, in her official capacity as Acting Secretary of the Department of Homeland Security, and the UNITED STATES OF AMERICA, <br><br>　　　　　　Defendants. | CASE NO. 17-CV-05235-WHA |
| CITY OF SAN JOSE, a municipal corporation, <br><br>　　　　　　Plaintiff, <br><br>　　　　v. <br><br>DONALD J. TRUMP, President of the United States, in his official capacity, ELAINE C. DUKE, in her official capacity, and the UNITED STATES OF AMERICA, <br><br>　　　　　　Defendants. | CASE NO. 17-CV-05329-WHA |
| DULCE GARCIA, MIRIAM GONZALEZ AVILA, SAUL JIMENEZ SUAREZ, VIRIDIANA CHABOLLA MENDOZA, NORMA RAMIREZ, and JIRAYUT LATTHIVONGSKORN, <br><br>　　　　　　Plaintiffs, <br><br>　　　　v. <br><br>UNITED STATES OF AMERICA, DONALD J. TRUMP, in his official capacity as President of the United States, U.S. DEPARTMENT OF HOMELAND SECURITY, and ELAINE DUKE, in her official capacity as Acting Secretary of Homeland Security, <br><br>　　　　　　Defendants. | CASE NO. 17-CV-05380-WHA |
| County of Santa Clara and Service Employees International Union Local 521, <br><br>　　　　　　Plaintiffs, <br><br>　　　　v. <br><br>DONALD J. TRUMP, in his official capacity as President of the United States, JEFFERSON BEAUREGARD SESSIONS, in his official capacity as Attorney General of the United States; ELAINE DUKE, in her official capacity as Acting Secretary of the Department of Homeland Security; and U.S. DEPARTMENT OF HOMELAND SECURITY, <br><br>　　　　　　Defendants. | CASE NO. 17-CV-05813-WHA |

# NOTICE OF MOTION AND MOTION TO STAY IMPLEMENTATION OF THE COURT'S OCTOBER 17, 2017 AND NOVEMBER 16, 2017 ORDERS IN ORDER TO RESOLVE THE PENDING MOTIONS
## WITHOUT FURTHER INTERLOCUTORY APPEALS BY DEFENDANTS

Please take notice that on December 28, 8:00 a.m., at 450 Golden Gate Avenue, San Francisco, California, Courtroom 8, or such other time as the Court deems appropriate, Plaintiffs in the above-captioned actions will, and hereby do, move for a stay of the Court's October 17, 2017 Order RE Motion to Complete the Administrative Record and the portion of the Court's November 16, 2017 Order requiring Defendants to file and serve their augmented record by November 22.  This motion is based on the memorandum of points and authorities, and exhibits hereto, and such additional arguments the parties may make.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants have filed in the Court of Appeals an Emergency Motion for Stay of the Court of Appeals' Order denying the Defendants' Petition for Mandamus (Exhibit 1).  That motion also states that Defendants "will file an application seeking a further stay of all discovery and record expansion pending a petition for mandamus or writ of certiorari from the Supreme Court no later than November 20, 2017."  Defendants also have informed Plaintiffs that they intend to file a similar motion seeking a stay pending Supreme Court review in this Court.  At the same time, there are pending in this Court Plaintiffs' Motion for Provisional Relief and Defendants' Motion to Dismiss, which will be fully briefed by December 8 and heard by this Court on December 20, 2017.  Defendants' continued pursuit of interlocutory review of the Court's well-founded October 17 and November 16 Orders is unfortunate and distracts from this Court's effort to reach a prompt judgment on the merits.  However, the immediate and vital issue before the Court is Plaintiffs' Motion for Provisional Relief, as that motion, if granted, will enjoin the Rescission of DACA and thereby avoid disruption in the lives of hundreds of thousands of people.

In order to remove the distraction of further interlocutory appellate proceedings and to permit the Court and the parties to focus on the paramount issue of whether the DACA Rescission should be enjoined, Plaintiffs move this Court to stay Defendants' obligation to file and serve an amended

1

PLAINTIFFS' MOTION TO STAY IMPLEMENTATION OF THE COURT'S OCTOBER 17, 2017 AND NOVEMBER 16, 2017 ORDERS IN ORDER TO RESOLVE THE PENDING MOTIONS WITHOUT FURTHER INTERLOCUTORY APPEALS BY DEFENDANTS
All DACA Cases (Nos. 17-5211, 17-5235, 17-5329, 17-5380, 17-5813)

administrative record in compliance with the Court's October 17 and November 16 Orders until the Court rules on Plaintiffs' Motion for Provisional Relief and Defendants' Motion to Dismiss. Plaintiffs anticipate that the Court's rulings on those motions will either moot or clarify the issues on which Defendants have indicated they will seek emergency review in the Supreme Court.

First, the stay requested by the instant motion, and a ruling on the Motion to Dismiss, will moot Defendants' contention that this Court must assess and find subject matter jurisdiction before ordering completion of the Administrative Record or permitting discovery. The jurisdictional issues have been squarely raised in Defendants' Motion to Dismiss, will be fully briefed by December 8 and will be heard by this Court on December 20. A decision on those issues will eliminate Defendants' concern that the Court should rule on subject matter jurisdiction before requiring production of the complete Administrative Record or permitting additional discovery.

Second, the requested stay, and further briefing and rulings by this Court, will clarify the issues on review. Defendants argue—and the dissenting judge in the Court of Appeals agreed—that it is improper to require expansion of the Administrative Record, beyond what is presented by Defendants, unless there is a finding of bad faith or improper conduct by Defendants. Although Plaintiffs disagree, the issue of bad faith is squarely presented in Plaintiffs' Motion for Provisional Relief. (Dkt. 111, pp. 29-31.) In that motion, Plaintiffs set forth clear and convincing evidence that the stated reason for the DACA Rescission—the Attorney General's view that DACA was established without statutory authority and was an unconstitutional exercise of authority by the Executive Branch and therefore is at risk of being overturned by the courts—was not only unsupported, but also a pretext. Evidence demonstrating this fact is described in Plaintiffs' pending Motion for Provisional Relief:

- The very same day as the Rescission, the President tweeted: "Congress now has 6 months to legalize DACA (something the Obama Administration was unable to do). If they can't, I will revisit this issue!"[1] But if the rationale for the Rescission were a genuine belief that DACA was illegal, there would be no basis to "revisit this issue" and possibly reinstate an illegal policy.

---

[1]   *See* Donald J. Trump (@realDonaldTrump), Twitter (Sept. 5, 2017, 8:38 PM), https://twitter.com/realDonaldTrump/status/905228667336499200.

- DHS did not immediately terminate DACA.  Instead, it announced that it would continue processing renewal applications for an additional month for benefits that expired between September 5, 2017 and March 5, 2018, and would recognize DACA grants already conferred, leaving the program in place for at least an additional six months.  If DACA were illegal, DHS would have no basis to leave it in place for months and years.

- On October 18, 2017, the Attorney General testified to Congress that DACA could be legal under *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), if it were implemented "on an individualized basis." *Oversight of the U.S. Department of Justice: Hearing before the S. Comm. on the Judiciary*, 115th Cong. (2017) (testimony of Jefferson B. Sessions, Att'y Gen. of the United States), *available at* goo.gl/MgT97u.  But the government did not implement, or apparently even consider, an alternative program that by their own admission is legal.

- The Senior Counselor to the Acting Secretary of DHS, who *drafted* the Rescission, undercut the litigation risk justification when he testified that a policy of reacting to litigation threats would be the "craziest policy you could ever have" because "you could never do anything if you were always worried about being sued." App. at 1929 (Hamilton Dep. 208:5-11).

- In their Motion to Dismiss, Defendants contend that the rescission of DACA is not reviewable under the APA and that the notice and comment requirement, 5 U.S.C. § 553, does not apply to the Rescission.  However, if Defendants really believed that the *Texas* decision presented an unmanageable litigation risk, they also must believe that the *Texas* decision correctly held that a program like DACA is reviewable and that the notice-and-comment requirement applies.

- On October 8, 2017, President Trump sent a letter to Congressional leaders setting forth the "Immigration Principles and Policies" that he said "must be included as part of any legislation addressing the status of [DACA] recipients." App. at 1990-99 (Policies and Principles).  The *New York Times* described the "Principles and Policies" as "a long list of hard-line immigration measures," including funding for a border wall.  App. at 2004 (*NYTimes*).  This evidence, linking the Rescission to the administration's legislative strategy, suggests that the decision to rescind DACA was an effort to make DACA recipients a bargaining chip to secure support for immigration legislation from members of Congress who support DACA recipients, and would not otherwise support the administration's immigration agenda.

Defendants will have their opportunity to contest this evidence when they file their opposition to Plaintiffs Motion for Preliminary Injunction on November 22, and the Court will be in a position to decide the issue of pretextuality when it rules on Plaintiffs' motion.  Plaintiffs respectfully request that the Court make specific findings on the issue of pretextuality in that ruling.[2]  If the Court finds that the stated reason for the Rescission was a pretext, there is no dispute—even under the dissenting judge's view of the law—that expansion of the Administrative Record and discovery of DHS is appropriate.

---

[2] If the Court would prefer that Plaintiffs make a separate motion on the issue of pretextuality, Plaintiffs will do so.

Furthermore, Defendants' counsel have informed Plaintiffs that they need approximately three more weeks to complete the Administrative Record and an additional week beyond that to complete the log of documents that will be withheld from the Administrative Record on grounds of privilege. Thus, if the Court's October 17 and November 16 Orders are not stayed, there will be another distracting battle about whether Defendants can comply with the Court's schedule and perhaps over what the repercussions should be if they do not, and the issues may not be resolved until the pending motions are under submission in any event.

Finally, in order to obviate Defendants' efforts to obtain a stay from the Supreme Court, Plaintiffs agree not to recommence discovery pending the Court's rulings on Plaintiffs' Motion for Provisional Relief and Defendants' Motion to Dismiss. Nonetheless, the parties will continue to meet and confer to develop a discovery plan in the event the Court rules that it has subject matter jurisdiction, including by proposing how and when to present any discovery disputes for adjudication.

## CONCLUSION

For the reasons stated above, the Court should stay Defendants' obligation to file and serve an amended administrative record in compliance with the Court's October 17 and November 16 Orders pending its rulings on Plaintiffs' Motion for a Preliminary Injunction and Defendants' Motion to Dismiss. Such a stay will eliminate any need for emergency review of the October 17 and November 16 Orders by the Supreme Court, and the Court's rulings on the pending motions may further confirm the correctness of that Order and moot Defendants' objections to it.

| | |
|---|---|
| Dated: November 19, 2017 | Respectfully submitted, |
| COVINGTON & BURLING LLP | XAVIER BECERRA<br>Attorney General of California |
| /s/ Jeffrey M. Davidson<br>Jeffrey M. Davidson (SBN 248620)<br>Alan Bersin (SBN 63874)<br>One Front Street, 35th Floor<br>San Francisco, CA 94111-5356<br>Telephone: (415) 591-6000<br>Facsimile: (415) 591-6091<br>Email: jdavidson@cov.com | MICHAEL L. NEWMAN<br>Supervising Deputy Attorney General<br><br>/s/ James F. Zahradka II<br>JAMES F. ZAHRADKA II (SBN 196822)<br>Deputy Attorney General<br><br>CHRISTINE CHUANG<br>REBEKAH A. FRETZ |
| Lanny A. Breuer (*pro hac vice*)<br>Mark H. Lynch (*pro hac vice*)<br>Alexander A. Berengaut (*pro hac vice*)<br>Megan A. Crowley (*pro hac vice*)<br>Ashley Anguas Nyquist (*pro hac vice*)<br>Jonathan Y. Mincer (Bar No. 298795)<br>Ivano M. Ventresca (*pro hac vice*)<br>COVINGTON & BURLING LLP<br>One CityCenter<br>850 Tenth Street, NW<br>Washington, DC 20001-4956<br>Telephone: (202) 662-6000<br>Facsimile: (202) 662-6291<br>E-mail: lbreuer@cov.com, mlynch@cov.com,<br>aberengaut@cov.com, mcrowley@cov.com,<br>anyquist@cov.com, jmincer@cov.com,<br>iventresca@cov.com | RONALD H. LEE<br>KATHLEEN VERMAZEN RADEZ<br>SHUBHRA SHIVPURI<br>1515 Clay Street, 20th Floor<br>Oakland, CA 94612-0550<br>Telephone: (510) 879-1247<br><br>*Attorneys for Plaintiff State of California*<br><br>JANET T. MILLS<br>Attorney General of Maine<br>SUSAN P. HERMAN (*pro hac vice*)<br>Deputy Attorney General<br>6 State House Station<br>Augusta, Maine 04333<br>Telephone: (207) 626-8814<br>Email: susan.herman@maine.gov |
| Mónica Ramírez Almadani (SBN 234893)<br>COVINGTON & BURLING LLP<br>1999 Avenue of the Stars<br>Los Angeles, CA 90067-4643<br>Telephone: (424) 332-4800<br>Facsimile: (424) 332-4749<br>Email: mralmadani@cov.com | *Attorneys for Plaintiff State of Maine*<br><br>BRIAN E. FROSH<br>Attorney General of Maryland<br>STEVEN M. SULLIVAN (*pro hac vice*)<br>Solicitor General<br>200 Saint Paul Place, 20th Floor<br>Baltimore, Maryland 21202 |
| Erika Douglas (SBN 314531)<br>COVINGTON & BURLING LLP<br>333 Twin Dolphin Drive, Suite 700<br>Redwood Shores, CA 94061-1418<br>Telephone: (650) 632-4700<br>Facsimile: (650) 632-4800<br>Email: edouglas@cov.com | Telephone: (410) 576-6325<br>Email: ssullivan@oag.state.md.us<br><br>*Attorneys for Plaintiff State of Maryland*<br><br>LORI SWANSON<br>Attorney General State of Minnesota<br>JULIANNA F. PASSE (*pro hac vice*) |

| | |
|---|---|
| Charles F. Robinson (SBN 113197)<br>Margaret Wu (Bar No. 184167)<br>Julia M. C. Friedlander (SBN 165767)<br>Sonya Sanchez (SBN 247541)<br>Norman Hamill (SBN 154272)<br>Harpreet Chahal (SBN 233268)<br>Michael Troncoso (SBN 221180)<br>University of California<br>Office of the General Counsel<br>1111 Franklin Street, 8th Floor<br>Oakland, CA 94607-5200<br>Telephone: (510) 987-9800<br>Facsimile: (510) 987-9757<br>Email: charles.robinson@ucop.edu<br><br>*Attorneys for Plaintiffs The Regents of the University of California and Janet Napolitano, in her official capacity as President of the University of California* | Assistant Attorney General<br>445 Minnesota Street, Suite 1100<br>St. Paul, Minnesota 55101-2128<br>Telephone: (651) 757-1136<br>Email: julianna.passe@ag.state.mn.us<br><br>*Attorneys for Plaintiff State of Minnesota* |
| GIBSON, DUNN & CRUTCHER LLP<br><br>/s/ Theodore J. Boutrous, Jr.<br><br>THEODORE J. BOUTROUS, JR., SBN 132099<br>tboutrous@gibsondunn.com<br>KATHERINE M. MARQUART, SBN 248043<br>kmarquart@gibsondunn.com<br>JESSE S. GABRIEL, SBN 263137<br>jgabriel@gibsondunn.com<br>333 South Grand Avenue<br>Los Angeles, CA 90071-3197<br>Telephone: (213) 229-7000<br>Facsimile: (213) 229-7520<br><br>ETHAN D. DETTMER, SBN 196046<br>edettmer@gibsondunn.com<br>555 Mission Street<br>San Francisco, CA 94105<br>Telephone: (415) 393-8200<br>Facsimile: (415) 393-8306<br><br>PUBLIC COUNSEL<br>MARK D. ROSENBAUM, SBN 59940<br>mrosenbaum@publiccounsel.org<br>JUDY LONDON, SBN 149431<br>jlondon@publiccounsel.org | COTCHETT, PITRE & McCARTHY, LLP<br>OFFICE OF THE CITY ATTORNEY<br><br>/s/ *Justin T. Berger*<br><br>JUSTIN T. BERGER<br>BRIAN DANITZ (SBN 247403)<br>bdanitz@cpmlegal.com<br>TAMARAH P. PREVOST (SBN 313422)<br>tprevost@cpmlegal.com<br>San Francisco Airport Office Center<br>840 Malcolm Road, Suite 200<br>Burlingame, CA  94010<br>Telephone:  (650) 697-6000<br>Facsimile:   (650) 697-0577<br><br>RICHARD DOYLE (SBN 88625)<br>NORA FRIMANN (SBN 93249)<br>OFFICE OF THE CITY ATTORNEY<br>200 East Santa Clara Street, 16th Floor<br>San José, California 95113<br>Telephone: (408) 535-1900<br>Facsimile: (408) 998-3131<br>Email Address: cao.main@sanJoséca.gov<br><br>*Attorneys for Plaintiff City of San Jose* |

610 South Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977
Facsimile: (213) 385-9089

BARRERA LEGAL GROUP, PLLC
LUIS CORTES ROMERO, SBN 310852
lcortes@barreralegal.com
19309 68th Avenue South, Suite R102
Kent, WA 98032
Telephone: (253) 872-4730
Facsimile: (253) 237-1591

LAURENCE H. TRIBE, SBN 39441
larry@tribelaw.com Harvard Law School
*Affiliation for identification purposes only*
1575 Massachusetts Avenue
Cambridge, MA 02138
Telephone: (617) 495-1767

ERWIN CHEMERINSKY, *pro hac vice*
forthcoming
echemerinsky@law.berkeley.edu
University of California, Berkeley School of Law
*Affiliation for identification purposes only*
215 Boalt Hall
Berkeley, CA 94720-7200
Telephone: (510) 642-6483

LEAH M. LITMAN, *pro hac vice*
forthcoming llitman@law.uci.edu
University of California, Irvine School of Law
*Affiliation for identification purposes only*
401 East Peltason Drive Irvine, CA 92697
Telephone: (949) 824-7722

*Attorneys for Plaintiffs DULCE GARCIA, MIRIAM GONZALEZ AVILA, SAUL JIMENEZ SUAREZ, VIRIDIANA CHABOLLA MENDOZA, NORMA RAMIREZ, and JIRAYUT LATTHIVONGSKORN*


/s/ James R. Williams                    /s/ Eric P. Brown

JAMES R. WILLIAMS, County Counsel        JONATHAN WEISSGLASS
GRETA S. HANSEN                          jweissglass@altber.com

| | |
|---|---|
| LAURA S. TRICE<br>laura.trice@cco.sccgov.org<br>MARCELO QUIÑONES<br>marcelo.quinones@cco.sccgov.org<br>OFFICE OF THE COUNTY COUNSEL<br>COUNTY OF SANTA CLARA<br>70 West Hedding Street<br>East Wing, Ninth Floor<br>San Jose, CA 95110-1770<br>Telephone: (408) 299-5900<br>Facsimile: (408) 292-7240<br><br>*Attorneys for Plaintiff COUNTY OF SANTA CLARA* | STACEY M. LEYTON<br>sleyton@altber.com<br>ERIC P. BROWN<br>ebrown@altber.com<br>ALTSHULER BERZON LLP<br>177 Post St., Suite 300<br>San Francisco, CA 94108<br>Telephone: (415) 421-7151<br><br>*Attorneys for Plaintiffs COUNTY OF SANTA CLARA AND SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 521* |

## ATTESTATION

I, Jeffrey M. Davidson, hereby attest, pursuant to Civil L.R. 5-1, that I have received authorization to electronically sign and file this document from each of the persons identified in the signature block.

Dated: November 19, 2017

/s/ Jeffrey M. Davidson
Jeffrey M. Davidson

*Counsel for Plaintiffs The Regents of the University of California and Janet Napolitano, in her official capacity as President of the University of California*