IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA and JANET NAPOLITANO, in her official capacity as President of the University of California,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY and ELAINE DUKE, in her official capacity as Acting Secretary of the Department of Homeland Security,<br><br>Defendants. | No. C 17-05211 WHA<br>No. C 17-05235 WHA<br>No. C 17-05329 WHA<br>No. C 17-05380 WHA<br>No. C 17-05813 WHA<br><br>**NOTICE OF FILING OF STATEMENT OF DISTRICT COURT IN RESPONSE TO APPLICATION FOR A STAY** |

Appended hereto is the district court's statement in response to the government's application for a stay, which statement was filed today with the United States Supreme Court.

Dated: December 6, 2017.

/s/ William Alsup
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

No. 17A570

IN THE SUPREME COURT OF THE UNITED STATES

IN RE UNITED STATES OF AMERICA, ET AL.

STATEMENT OF DISTRICT COURT
IN RESPONSE TO APPLICATION FOR A STAY

IN THE SUPREME COURT OF THE UNITED STATES

No. 17A570

IN RE UNITED STATES OF AMERICA, ET AL.

STATEMENT OF DISTRICT COURT
IN RESPONSE TO APPLICATION FOR A STAY

1.  This is a statement by the nominal respondent district court in response to the pending application for a stay by the government. If the Supreme Court is inclined to grant a stay of the district court's order to supplement the administrative record, then the district court suggests that consideration be given to making clear that the stay would not affect the pending motions in the district court for dismissal (by defendants) and for provisional relief (by plaintiffs), now almost fully briefed, both set for argument on December 20, and both motions based on the pleadings and administrative record as originally filed by the government. The issue presented by the petition concerns supplemental materials beyond the administrative record as originally filed, materials that will pertain to the ultimate merits (but not the December 20 motions). Due to the nearness of the March 5 DACA termination date, the order to supplement

2

could not practically have been postponed until after decision on the motion to dismiss (due to the briefing schedule negotiated by both sides).

2. The petition and stay application leaves the incorrect impression that the district court endorsed unfettered discovery directed toward defendants. For example, the petition states: "The district court rejected the government's position, stating that respondents' proposal to take immediate discovery was an 'excellent idea'" (Petn. at 6). In fact, early in the conference, the district court actually stated "conceivably that's an excellent idea to take some discovery" (Dkt. No. 52 at 20:3–4). At the end of the conference, the district court stressed that any discovery should be "limited, narrowly directed, [and] reasonable" (*id.* at 35:17–19), and that "both sides are subject to discovery" (*id.* at 50:23).

3. While the petition claims that all "non-deliberative" DACA-related documents considered by the agency decisionmaker were included in its administrative record, a total of 84 DACA-related documents *admittedly considered by the agency decisionmaker* remain withheld from the administrative record based on assertion of a "deliberative" privilege. After an *in camera* review, the district judge overruled the claim of deliberative privilege as to 48 (of the 84). Those 48 additional DACA-related documents, however, still remain unseen by plaintiffs' counsel or the public and remain withheld even though they were admittedly considered by the decisionmaker. Since enactment of the Administrative Procedure Act, the Supreme Court has not approved withholding of otherwise legitimate contents of an administrative record based on a "deliberative" privilege, a concept that originated under the Freedom of Information Act, not the Administrative Procedure Act, which latter Act requires that agency action be reviewed against "the whole record." 5 U.S.C. 706. There is no clear and

indisputable right by the government to remove the 84 actually-considered documents from the record.

4.  At oral argument in the district court, government counsel said it was likely that the agency decisionmaker had received verbal input on the DACA issue before making her decision to rescind DACA (Tr. at 31:5). Such verbal inputs, however, were not captured by the government's administrative record (Dkt. No. 64). The district court attempted to cure this omission by requiring inclusion of all DACA-related materials received by those providing any verbal inputs, at least up to the point of their input. The Supreme Court has never considered how, if at all, verbal inputs to an agency decisionmaker should be reflected in the administrative record. The Ninth Circuit, however, had held that the administrative record should include all documents considered "directly or indirectly." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989). In *Starry Assocs., Inc. v. United States*, 125 Fed. Cl. 613, 615 (2015), the Court of Federal Claims allowed the plaintiffs to depose agency employees where there were "credible allegations of bias and unexplained agency action." *Id.* at 623. There is no clear and indisputable right to omit all evidence of verbal inputs to the agency decisionmaker.

5.  Unlike formal agency adjudication (which generates a trial-type record) and formal rulemaking pursuant to notice and comment (which generates a record of all public comments plus agency analysis thereof plus the original notice with reasons), *informal* agency action, like the one here involved, has no readily-defined record. The Supreme Court has never

construed "the whole record" in the context of informal agency action. Consequently, there is no clear and indisputable law that the district court's order to make the record whole was in error.

Respectfully submitted,

Dated: December 5, 2017.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE