CHAD A. READLER
Acting Assistant Attorney General
BRIAN STRETCH
United States Attorney
BRETT A. SHUMATE
Deputy Assistant Attorney General
JENNIFER D. RICKETTS
Branch Director
JOHN R. TYLER
Assistant Branch Director
BRAD P. ROSENBERG (DC Bar #467513)
Senior Trial Counsel
STEPHEN M. PEZZI (DC Bar #995500)
KATE BAILEY (MD Bar #1601270001)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC  20530
Telephone: (202) 514-3374
Facsimile: (202) 616-8460
E-mail: brad.rosenberg@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGENTS OF UNIVERSITY OF CALIFORNIA and JANET NAPOLITANO, in her official capacity as President of the University of California,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY and KIRSTJEN M. NIELSEN,[1] in her official capacity as the Secretary of Homeland Security,<br><br>Defendants. | No. 3:17-cv-05211-WHA<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR JUDICIAL NOTICE AND TO SUPPLEMENT THE RECORD**<br><br>Judge:  Honorable William Alsup<br>Hearing: February 8, 2018, 8:00 a.m.<br>Place:  San Francisco U.S. Courthouse, Courtroom 12, 19th Floor |

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Kirstjen M. Nielsen, in her official capacity as the Secretary of Homeland Security, has been substituted as a defendant in all of these matters (Nos. 17-5211, 17-5235, 17-5329, 17-5380, 17-5813) for Elaine C. Duke.

**DEFENDANTS' RESPONSE TO MOTION FOR JUDICIAL NOTICE**
**All DACA Cases (Nos. 17-5211, 17-5235, 17-5329, 17-5380, 17-5813)**

| | |
|---|---|
| STATE OF CALIFORNIA, STATE OF MAINE, STATE OF MARYLAND, and STATE OF MINNESOTA,<br><br>            Plaintiffs,<br><br>     v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, KIRSTJEN M. NIELSEN, in her official capacity as Secretary of Homeland Security, and the UNITED STATES OF AMERICA,<br><br>            Defendants. | No. 3:17-cv-05235-WHA |
| CITY OF SAN JOSE, a municipal corporation,<br><br>            Plaintiff,<br><br>     v.<br><br>DONALD J. TRUMP, President of the United States, in his official capacity, KIRSTJEN M. NIELSEN, in her official capacity as Secretary of Homeland Security, and the UNITED STATES OF AMERICA,<br><br>            Defendants. | No. 3:17-cv-05329-WHA |
| DULCE GARCIA, MIRIAM GONZALEZ AVILA, SAUL JIMENEZ SUAREZ, VIRIDIANA CHABOLLA MENDOZA, NORMA RAMIREZ, and JIRAYUT LATTHIVONGSKORN,<br><br>            Plaintiffs,<br><br>     v.<br><br>UNITED STATES OF AMERICA, DONALD J. TRUMP, in his official capacity | No. 3:17-cv-05380-WHA |

**DEFENDANTS' RESPONSE TO MOTION FOR JUDICIAL NOTICE**
**All DACA Cases (Nos. 17-5211, 17-5235, 17-5329, 17-5380, 17-5813)**

| | |
|---|---|
| as President of the United States, U.S. DEPARTMENT OF HOMELAND SECURITY, and KIRSTJEN M. NIELSEN, in her official capacity as Secretary of Homeland Security,<br><br>              Defendants. | |
| COUNTY OF SANTA CLARA and SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 521,<br><br>              Plaintiffs,<br><br>   v.<br><br>DONALD J. TRUMP, President of the United States, in his official capacity; JEFFERSON BEAUREGARD SESSIONS, Attorney General of the United States, in his official capacity; KIRSTJEN M. NIELSEN, Secretary of Homeland Security, in her official capacity; and the U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>              Defendants. | No. 3:17-cv-05813-WHA |

**DEFENDANTS' RESPONSE TO MOTION FOR JUDICIAL NOTICE**
**All DACA Cases (Nos. 17-5211, 17-5235, 17-5329, 17-5380, 17-5813)**

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR JUDICIAL NOTICE AND TO SUPPLEMENT THE RECORD**

Plaintiffs in these five related lawsuits have filed a Motion for Judicial Notice and to Supplement the Record ("Pls.' Mot."), ECF No. 227.[2] In their motion, Plaintiffs refer to a December 29, 2017 tweet, in which President Trump said:

> The Democrats have been told, and fully understand, that there can be no DACA without the desperately needed WALL at the Southern Border and an END to the horrible Chain Migration & ridiculous Lottery System of Immigration etc. We must protect our Country at all cost!

Decl. of Jeffrey M. Davidson in Supp. of Pls.' Mot. for Judicial Notice and to Supplement the Record, Ex. A, ECF No. 227-2.

The Court should not take judicial notice of the tweet for purposes of their Administrative Procedure Act claims because Plaintiffs cannot rely on material outside of the Administrative Record ("AR") to demonstrate that the rationale supporting the rescission of DACA was pretextual. *See* Defs.' Mem. in Opp'n to Pls.' Mot. for Provisional Relief ("Defs.' PI Opp."), ECF No. 204, at 21-22. Nor is the President's tweet relevant to the question whether then-Acting Secretary Duke—the only official vested with authority to make the decision—offered pretextual reasons for rescinding DACA. *Id.* at 22-24.

In any event, the tweet—issued almost four months after the rescission—simply does not "support[ ] the inference that defendants rescinded DACA not for the reasons [that] they stated, but to create [a] bargaining opportunity." Pls.' Mot. at 2. The Administrative Record indicates that DACA was rescinded due to litigation risk and concerns about the policy's legality. *See* AR 254-55, ECF No. 64-1. As reflected in the appendix that Plaintiffs themselves submitted with their motion for provisional relief, DACA was never intended to be anything more than "a temporary stopgap measure" until Congress could address the issue, including the "need to pass comprehensive immigration reform . . . that continues to improve our border security." *Remarks by President Obama on Immigration* (June 15, 2012), App'x in Supp. of Pls.' Mot. for Prov. Relief (Pls.' App'x), Ex. Q, at 1739-40, ECF No. 121-1; *see also* Defs.' PI Opp., ECF No. 204,

---

[2] All references to docket entries refer to the docket in *Regents of the University of California v. U.S. Dep't of Homeland Sec.*, No. 3:17-cv-05211-WHA.

**DEFENDANTS' RESPONSE TO MOTION FOR JUDICIAL NOTICE**
**All DACA Cases (Nos. 17-5211, 17-5235, 17-5329, 17-5380, 17-5813)**

at 23. DACA's rescission, however, was prompted by the *Texas* lawsuit and the litigation risk that flowed therefrom. Nothing in the tweet—which is completely silent on DACA's rescission—says otherwise.

Nor does the tweet "underscore[ ] that the Rescission was fundamentally unfair and did not further any compelling government interest" so as to violate substantive due process. Pls.' Mot. at 3. As noted above, the tweet does not indicate that the rescission of DACA "was a tactic used to gain leverage to enact the administration's immigration agenda." *Id.* (citation omitted). The determination by the then-Acting Secretary of Homeland Security that DACA should be rescinded is a separate question from the terms on which the President would support congressional legislation. Nor can legislative negotiations "shock[ ] the conscience," as Plaintiffs suggest. *Id.* To the contrary, in a January 3, 2018 letter to congressional leadership, former Secretary of Homeland Security (and named Plaintiff) Janet Napolitano explicitly recognized that "successful implementation of DACA legislation . . . could include sensible increases in border security funding," and noted that "bipartisan legislation provides an opportunity to both permanently protect these young people and further secure the border." *See* Declaration of Brad P. Rosenberg, Ex. A (attached hereto). Plaintiff Napolitano's acknowledgement that securing the border is a worthy legislative goal is, of course, a goal that is also referenced in the tweet upon which Plaintiffs rely.[3] And in any event, when faced with a policy that is likely to be invalidated or one inherently temporary, it is entirely reasonable and appropriate for the political branches to consider various legislative solutions.

---

[3] Plaintiffs quibble over the contours of possible immigration legislation by referring to that legislation as "harsh." Pls.' Mot. at 2. It is respectfully submitted that it is not this Court's role to evaluate the relative policy merits of various legislative proposals. To the extent that the Plaintiffs have particular views on the form of proposed legislation, they can make their views known to the legislative branch, as named Plaintiff Napolitano has already done.

**DEFENDANTS' RESPONSE TO MOTION FOR JUDICIAL NOTICE**
**All DACA Cases (Nos. 17-5211, 17-5235, 17-5329, 17-5380, 17-5813)**

2

Dated: January 5, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

BRIAN STRETCH
United States Attorney

BRETT A. SHUMATE
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Branch Director

JOHN R. TYLER
Assistant Branch Director

*/s/ Brad P. Rosenberg*
BRAD P. ROSENBERG (DC Bar #467513)
Senior Trial Counsel
STEPHEN M. PEZZI (DC Bar #995500)
KATE BAILEY (MD Bar #1601270001)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, DC  20530
Phone: (202) 514-3374
Fax: (202) 616-8460
Email: brad.rosenberg@usdoj.gov

*Attorneys for Defendants*

**DEFENDANTS' RESPONSE TO MOTION FOR JUDICIAL NOTICE**
**All DACA Cases (Nos. 17-5211, 17-5235, 17-5329, 17-5380, 17-5813)**

3