CHAD A. READLER
Acting Assistant Attorney General
BRIAN STRETCH
United States Attorney
BRETT A. SHUMATE
Deputy Assistant Attorney General
JENNIFER D. RICKETTS
Branch Director
JOHN R. TYLER
Assistant Branch Director
BRAD P. ROSENBERG (DC Bar #467513)
Senior Trial Counsel
STEPHEN M. PEZZI (DC Bar #995500)
KATE BAILEY (MD Bar #1601270001)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, NW
Washington, DC 20530
Telephone: (202) 514-3374
Facsimile: (202) 616-8460
E-mail: brad.rosenberg@usdoj.gov

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGENTS OF UNIVERSITY OF CALIFORNIA and JANET NAPOLITANO, in her official capacity as President of the University of California, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF HOMELAND SECURITY and KIRSTJEN M. NIELSEN, in her official capacity as the Secretary of Homeland Security, <br><br> Defendants. | No. 3:17-cv-05211-WHA <br><br> **DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN RESPONSE TO THE COURT'S ORDER REGARDING** *HAWAII v. TRUMP* <br><br> Judge: Honorable William Alsup |

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN RESPONSE TO** *HAWAII v. TRUMP*
**All DACA Cases (Nos. 17-5211, 17-5235, 17-5329, 17-5380, 17-5813)**

STATE OF CALIFORNIA, STATE OF MAINE, STATE OF MARYLAND, and STATE OF MINNESOTA,

    Plaintiffs,

  v.

U.S. DEPARTMENT OF HOMELAND SECURITY, KIRSTJEN M. NIELSEN, in her official capacity as Secretary of Homeland Security, and the UNITED STATES OF AMERICA,

    Defendants.

No. 3:17-cv-05235-WHA

CITY OF SAN JOSE, a municipal corporation,

    Plaintiff,

  v.

DONALD J. TRUMP, President of the United States, in his official capacity, KIRSTJEN M. NIELSEN, in her official capacity as Secretary of Homeland Security, and the UNITED STATES OF AMERICA,

    Defendants.

No. 3:17-cv-05329-WHA

DULCE GARCIA, MIRIAM GONZALEZ AVILA, SAUL JIMENEZ SUAREZ, VIRIDIANA CHABOLLA MENDOZA, NORMA RAMIREZ, and JIRAYUT LATTHIVONGSKORN,

    Plaintiffs,

  v.

UNITED STATES OF AMERICA, DONALD J. TRUMP, in his official capacity

No. 3:17-cv-05380-WHA

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN RESPONSE TO** *HAWAII v. TRUMP*
**All DACA Cases (Nos. 17-5211, 17-5235, 17-5329, 17-5380, 17-5813)**

as President of the United States, U.S. DEPARTMENT OF HOMELAND SECURITY, and KIRSTJEN M. NIELSEN, in her official capacity as Secretary of Homeland Security,

Defendants.

COUNTY OF SANTA CLARA and SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 521,

Plaintiffs,

v.

DONALD J. TRUMP, President of the United States, in his official capacity; JEFFERSON BEAUREGARD SESSIONS, Attorney General of the United States, in his official capacity; KIRSTJEN M. NIELSEN, Secretary of Homeland Security, in her official capacity; and the U.S. DEPARTMENT OF HOMELAND SECURITY,

Defendants.

No. 3:17-cv-05813-WHA

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN RESPONSE TO** *HAWAII v. TRUMP*
**All DACA Cases (Nos. 17-5211, 17-5235, 17-5329, 17-5380, 17-5813)**

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN RESPONSE TO THIS COURT'S ORDER REGARDING *HAWAII v. TRUMP***

This Court has asked for supplemental briefing "discussing the significance, if any," of the Ninth Circuit's recent decision in *Hawaii v. Trump*, --- F.3d ---, 2017 WL 6554184 (9th Cir. Dec. 22, 2017). *See* Order, ECF No. 229.[1] That decision involved an appeal of a preliminary injunction against a proclamation issued by the President entitled "Enhancing Vetting Capabilities and Processes for Detecting Attempted Entry Into the United States by Terrorists or Other Public-Safety Threats." Proclamation 9645, 82 Fed. Reg. 45,161 (Sept. 24, 2017) ("Proclamation 9645" or "Proclamation"). That Proclamation applies entry restrictions tailored to certain nationals from eight countries that were found to have inadequate information-sharing practices or other risk factors. *See Hawaii*, 2017 WL 6554184, at *3; *see generally id.* at *3-*5 (providing background on Proclamation 9645).

The *Hawaii* decision does not have any significance to this case. The Ninth Circuit's merits holdings—*i.e.*, that the Proclamation exceeds the President's authority under 8 U.S.C. §§ 1182(f), 1185(a), and 1152(a), which are provisions of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101, *et seq.*, that concern the suspension of entry and the issuance of immigrant visas—are plainly irrelevant here. *See Hawaii*, 2017 WL 6554184, at *10-*21. Likewise, because the nature of the claims and alleged harms in *Hawaii* are fundamentally different than here, the Ninth Circuit's holdings on justiciability and equitable relief are also inapposite.

**1. Justiciability**

The Ninth Circuit's justiciability analysis addressed ripeness, the doctrine of consular nonreviewability, and the availability of APA review. *See id.* *5-*9. Defendants have not raised a ripeness argument in these cases.[2] Nor have they invoked the doctrine of consular nonreviewability, which limits judicial review of the exclusion of aliens abroad and thus is

---

[1] All references to docket entries refer to the docket in *Regents of the University of California v. U.S. Dep't of Homeland Sec.*, No. 3:17-cv-05211-WHA.

[2] While Defendants have not disputed that at least some of Plaintiffs' claims here are ripe, the temporary, preliminary injunctive relief that they seek is both premature and inappropriate in light of the nature of Plaintiffs' alleged harm. *See* Defs.' Mem. in Opp. to Pls.' Mot. for Provisional Relief ("Defs.' Opp'n") at 32-35, ECF No. 204; Part 2, *infra*.

DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN RESPONSE TO *HAWAII v. TRUMP*
All DACA Cases (Nos. 17-5211, 17-5235, 17-5329, 17-5380, 17-5813)

1

inapplicable here. *Id.* at *6 (quotation omitted). Plaintiffs may seek to emphasize the Ninth Circuit's conclusion that the consular nonreviewability doctrine applies to individual visa decisions by consular officers but not categorical policies by the President. That conclusion, however, was expressly based on the erroneous rationale that the doctrine exists to protect the policy choices of the Congress rather than the President. *See id.* at *6-*7. Here, by contrast, the doctrine of *Heckler v. Chaney*, 470 U.S. 821 (1985), indisputably protects the *executive* branch's enforcement decisions as generally committed to agency discretion by law under 5 U.S.C. § 701(a)(2).

The Ninth Circuit's analysis of the availability of APA review in *Hawaii* is also inapposite here. Although the Ninth Circuit rejected the Government's argument that 5 U.S.C. § 701(a)(2) barred review of the Proclamation because it is an action committed to the Executive's discretion under the text of 8 U.S.C. §§ 1182(f) and 1185(a), the court reasoned that Section 701(a)(2) does not apply where "a court is tasked with reviewing whether an executive action has exceeded statutory authority." *Hawaii*, 2017 WL 6554184, at *8 (citation omitted). Here, by contrast, Plaintiffs do not allege that Defendants have violated the INA at all, and no provision of the INA even arguably constrains the Government's discretion in winding down a prior deferred-action policy. To the contrary, and further unlike in *Hawaii*, the INA precludes federal district courts from engaging in judicial review of deferred-action decisions. *See* 8 U.S.C. § 1252(g); *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 (1999). Likewise, although the Ninth Circuit held that the State of Hawaii's efforts to enroll students and hire faculty members from the countries covered by the Proclamation fell within the INA's zone of interests, the court relied on specific INA provisions providing for the temporary admission of certain nonimmigrant aliens as students, scholars, teachers, trainees, and professors in fields of specialized knowledge or skill, among others, into the United States. *See id.* at *9 (citing 8 U.S.C. § 1101(a)(15)(F); *id.* § 1101(a)(15)(J); *id.* § 1101(a)(15)(H); *id.* § 1101(a)(15)(O)). Here, by contrast, the university, state, municipal, and union Plaintiffs can point to no provision of the INA giving them an interest in whether individuals with no lawful immigration status should receive deferred action, because

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN RESPONSE TO** *HAWAII v. TRUMP*
**All DACA Cases (Nos. 17-5211, 17-5235, 17-5329, 17-5380, 17-5813)**

no such provision exists. *See* Defs.' Mem. in Support of Motion to Dismiss at 20-22, ECF No. 114.

### 2. Equitable Relief

The Ninth Circuit's analysis of irreparable harm is inapposite here. The court found that application of the Proclamation caused the *Hawaii* plaintiffs to suffer irreparable harm to the extent individuals were separated from family members who sought to enter the United States, universities were unable to recruit or retain students and faculty members, and certain associations suffered from diminished membership. *See Hawaii*, 2017 WL 6554184, at *22. Whatever else can be said of these alleged harms, they are fundamentally different from the harms that Plaintiffs allege here. Because Proclamation 9645 placed specific, targeted restrictions on the entry of foreign nationals from eight countries, a preliminary injunction could be tailored to provide an immediate remedy to affected individuals by enjoining specific sections of the Proclamation, thereby allowing them to obtain visas and enter the country if they are otherwise eligible and admissible.[3] Plaintiffs' injuries here are fundamentally different: DACA recipients claim that they cannot make long-term plans (such as family, educational, and career plans) and that they are suffering psychological harm due to the uncertainty associated with their deferred action. *See* Defs.' Opp'n at 32-35. No preliminary injunction—which would last at most through the conclusion of these lawsuits—can provide Plaintiffs with the long-term certainty that they seek. In that regard, the Ninth Circuit's analysis of irreparable harm in the context of a preliminary injunction is completely irrelevant here.

Nor is the Ninth Circuit's analysis of the scope of injunctive relief applicable here. The court upheld a nationwide injunction against the Proclamation's entry restrictions based on its view that doing so was necessary for "immigration policy" to remain "uniform" and consistent with the laws enacted by Congress. *Hawaii*, 2017 WL 6554184, at *24 (citation omitted). But that logic does not apply even on its terms to the rescission of DACA. After all, DACA itself is a policy of *prosecutorial discretion* that declines to enforce the INA against some individuals but

---

[3] While the Ninth Circuit modified the district court's preliminary injunction in respects not relevant here, that injunction remains stayed by the Supreme Court pending the disposition of the Government's petition for a writ of certiorari. *See Hawaii*, 2017 WL 6554181, at *24-*25.

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN RESPONSE TO** *HAWAII v. TRUMP*
**All DACA Cases (Nos. 17-5211, 17-5235, 17-5329, 17-5380, 17-5813)**

not others; accordingly, issuing an injunction against the rescission of DACA that is nationwide rather than limited to the individual DACA recipients who have cognizable relationships with the Plaintiffs would *exacerbate* the degree to which there is a departure from the INA's uniform law. For these same reasons, nothing in the Ninth Circuit's analysis supports the entry of the proposed order that Plaintiffs have submitted, as nothing in that opinion would support a wholesale reinstatement of the DACA policy on a preliminary, and hence only temporary, basis.

Dated: January 8, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

BRIAN STRETCH
United States Attorney

BRETT A. SHUMATE
Deputy Assistant Attorney General

JENNIFER D. RICKETTS
Branch Director

JOHN R. TYLER
Assistant Branch Director

*/s/ Brad P. Rosenberg*
BRAD P. ROSENBERG (DC Bar #467513)
Senior Trial Counsel
STEPHEN M. PEZZI (DC Bar #995500)
KATE BAILEY (MD Bar #1601270001)
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue N.W.
Washington, DC  20530
Phone: (202) 514-3374
Fax: (202) 616-8460
Email: brad.rosenberg@usdoj.gov

*Attorneys for Defendants*

**DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN RESPONSE TO *HAWAII v. TRUMP***
**All DACA Cases (Nos. 17-5211, 17-5235, 17-5329, 17-5380, 17-5813)**