Jeffrey M. Davidson (SBN 248620)
Alan Bersin (SBN 63874)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94111-5356
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: jdavidson@cov.com,
abersin@cov.com
*Attorneys for Plaintiffs The Regents of the University of California and Janet Napolitano, in her official capacity as President of the University of California*

Theodore J. Boutrous, Jr. (SBN 132099)
Ethan D. Dettmer (SBN 196046)
Jesse S. Gabriel (SBN 263137)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
Email: tboutrous@gibsondunn.com,
edettmer@gibsondunn.com,
jgabriel@gibsondunn.com
*Attorneys for Plaintiffs Dulce Garcia, Miriam Gonzalez Avila, Saul Jimenez Suarez, Viridiana Chabolla Mendoza, Norma Ramirez, and Jirayut Latthivongskorn*

XAVIER BECERRA
Attorney General of California
MICHAEL L. NEWMAN
Supervising Deputy Attorney General
JAMES F. ZAHRADKA II (SBN 196822)
Deputy Attorney General
1515 Clay Street, 20th Floor
Oakland, CA 94612-0550
Telephone: (510) 879-1247
E-mail: James.Zahradka@doj.ca.gov
*Attorneys for Plaintiff State of California*

Joseph W. Cotchett (SBN 36324)
Justin T. Berger (SBN 250346)
COTCHETT, PITRE & McCARTHY, LLP
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: jcotchett@cpmlegal.com
jberger@cpmlegal.com
*Attorneys for Plaintiff City of San Jose*

Jonathan Weissglass (SBN 185008)
Stacey M. Leyton (SBN 203827)
Eric P. Brown (SBN 284245)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: jweissglass@altber.com
*Attorneys for Plaintiffs County of Santa Clara and Service Employees International Union Local 521*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| REGENTS OF UNIVERSITY OF CALIFORNIA and JANET NAPOLITANO, in her official capacity as President of the University of California,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY and KIRSTJEN M. NIELSEN, in her official capacity as Secretary of the Department of Homeland Security,<br><br>Defendants. | CASE NO. 17-CV-05211-WHA<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM RE *HAWAII V. TRUMP*** <br><br>Judge: Honorable William Alsup |

| | |
|---|---|
| STATE OF CALIFORNIA, STATE OF MAINE, STATE OF MARYLAND, STATE OF MINNESOTA,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, KIRSTJEN M. NIELSEN, in her official capacity as Secretary of the Department of Homeland Security, and the UNITED STATES OF AMERICA,<br><br>　　　　　Defendants. | CASE NO. 17-CV-05235-WHA |
| CITY OF SAN JOSE, a municipal corporation,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>DONALD J. TRUMP, President of the United States, in his official capacity, KIRSTJEN M. NIELSEN, in her official capacity, and the UNITED STATES OF AMERICA,<br><br>　　　　　Defendants. | CASE NO. 17-CV-05329-WHA |
| DULCE GARCIA, MIRIAM GONZALEZ AVILA, SAUL JIMENEZ SUAREZ, VIRIDIANA CHABOLLA MENDOZA, NORMA RAMIREZ, and JIRAYUT LATTHIVONGSKORN,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>UNITED STATES OF AMERICA, DONALD J. TRUMP, in his official capacity as President of the United States, U.S. DEPARTMENT OF HOMELAND SECURITY, and KIRSTJEN M. NIELSEN, in her official capacity as Secretary of the Department of Homeland Security,<br><br>　　　　　Defendants. | CASE NO. 17-CV-05380-WHA |
| County of Santa Clara and Service Employees International Union Local 521,<br><br>　　　　　Plaintiffs,<br><br>　　　　　v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, JEFFERSON BEAUREGARD SESSIONS, in his official capacity as Attorney General of the United States; KIRSTJEN M. NIELSEN, in her official capacity as Secretary of the Department of Homeland Security; and U.S. DEPARTMENT OF HOMELAND SECURITY,<br><br>　　　　　Defendants. | CASE NO. 17-CV-05813-WHA |

Plaintiffs submit the following supplemental memorandum discussing how the recent Ninth Circuit decision in *Hawaii v. Trump* bolsters plaintiffs' motion for provisional relief and opposition to defendants' motion to dismiss. — F.3d —, 2017 WL 6554184 (9th Cir. Dec. 22, 2017), *cert. pet. filed* Jan. 5, 2018 ("*Hawaii II*").[1]

**1. *Hawaii II* confirms that executive actions concerning immigration are subject to judicial review.**

Consistent with well-established precedent, the *Hawaii II* court held the Administration's "travel ban" was subject to judicial review. The court recognized limitations on its ability to review "*individual* visa denials," but emphasized that it is a "familiar judicial exercise" to review "'challenges to the substance and implementation of immigration *policy*.'" *Hawaii II* at *6 (emphasis added) (quoting *Washington v. Trump*, 847 F.3d 1151, 1161–64 (9th Cir. 2017)). Indeed, to hold immigration policy determinations unreviewable would "run[] contrary to the fundamental structure of our constitutional democracy.'" *Id.* at *7 (quoting *Washington*, 847 F.3d at 1161).

Likewise here, the Court should reject the government's argument that section 1252(g) of the Immigration and Nationality Act ("INA"), which also only bars challenges to certain *individual* immigration determinations, precludes this Court from entertaining an Administrative Procedure Act ("APA") challenge to a far-reaching immigration *policy* determination like the September 5, 2017 memorandum rescinding the Deferred Action for Childhood Arrivals ("DACA") program ("the Rescission"). *See* MTD Opp. 8 (Dkt. No. 205).

**2. *Hawaii II* rejects the argument that immigration policies are unreviewable acts of agency discretion.**

The *Hawaii II* court rejected the government's contention that APA review was precluded by 5 U.S.C. § 701(a)(2) because the policy at issue was "committed to agency discretion by law." The court observed that executive actions are presumptively reviewable except in the "'very narrow'" circumstances in which "'there is no law to apply.'" *Hawaii II* at *8 (quoting *Heckler v. Chaney*, 470 U.S. 821, 830 (1985)); *see* MTD Opp. 4. Finding that the INA supplied "law to apply," the *Hawaii II* court overruled the government's section 701(a)(2) defense.

---

[1] The Ninth Circuit addressed an earlier iteration of the travel ban in *Hawaii v. Trump*, 859 F.3d 741 (9th Cir. 2017), *vacated*, *Trump v. Hawaii*, 138 S. Ct. 377 (2017) ("*Hawaii I*") (*see infra*).

*Hawaii II* is thus another example in which courts have refused to shield programmatic decisions like the Rescission from judicial review under the APA on the basis that there is no law to apply. *See Nat'l Treasury Emps. Union v. Horner*, 854 F.2d 490, 496-97 (D.C. Cir. 1988) ("major policy decision" subject to "APA presumption of reviewability" and is not committed to agency discretion because it is "quite different from day-to-day agency nonenforcement decisions"); *Edison Elec. Inst. v. EPA*, 996 F.2d 326, 333 (D.C. Cir. 1993) (reviewing EPA's "Enforcement Policy Statement"); *see* MTD Opp. 8.

Here, the Constitution, the INA, the history of deferred action, the original DACA memorandum, and other legal sources such as the Office of Legal Counsel's opinion discussing DACA all provide law against which the Rescission can be judged. *See Mendez-Gutierrez v. Ashcroft*, 340 F.3d 865, 868 (9th Cir. 2003) (overruling section 701(a)(2) defense where "statutes, regulations, established agency policies, or judicial decisions [] provide a meaningful standard against which to assess" agency action). Judicial review is especially appropriate where, as here, an agency is reversing course from a prior policy. *See Robbins v. Reagan*, 780 F.2d 37, 45 (D.C. Cir. 1985) ("Once an agency has declared that a given course is the most effective way of implementing the statutory scheme, the courts are entitled to closely examine agency action that departs from this stated policy."). In such cases, courts have a "meaningful role to play in reviewing agency action" whether or not there are "specific statutory guidelines controlling the exercise of discretion." *Id.* at 46.

**3.  *Hawaii II* confirms the entity plaintiffs' standing.**

*Hawaii II* further supports the entity plaintiffs' Article III standing here. The Ninth Circuit affirmed the district court's ruling that a state's interest in recruiting and hiring students and faculty for its public universities confers Article III standing to challenge a federal action impacting those individuals. *Hawaii II* at *5 n.5. The entity plaintiffs here share the same interest in the lawful presence in this country of their students, faculty, and employees. MTD Opp. 12–17.

The *Hawaii II* court also held that the asserted state claims challenging the travel ban satisfied the APA's "zone of interests" test. *Hawaii II* at *9 (citing *Bank of Am. Corp. v. City of Miami*, 137 S. Ct. 1296, 1303 (2017)). In particular, the court confirmed that the INA protects the states' and their public universities' "efforts to enroll students and hire faculty members" affected by federal immigration

policy. *Id.*; *see* MTD Opp. 18–19.[2]

**4.   *Hawaii II* supports plaintiffs' arguments for injunctive relief.**

*Hawaii II* held that the district court did not abuse its discretion in granting a preliminary injunction, ruling that plaintiffs prevailed on the irreparable harm, balance of equities, and public interest factors. *Hawaii II* at *22–24. Although the Ninth Circuit stayed its decision pending potential Supreme Court review, *id.* at *25, its analysis demonstrates that here, the preliminary injunction factors weigh even more heavily in favor of provisional relief.[3]

a.   <u>Irreparable harm.</u>  The Ninth Circuit recognized a number of irreparable harms caused by the travel ban: "prolonged separation from family members, constraints to recruiting and retaining students and faculty members to foster diversity and quality within the University community," and prohibitions on student travel. *Id.* at *22. All of those harms are present here. *See* App. 2206, Topic 11[4] (due to Rescission, families will be separated and nearly 200,000 U.S. citizen children's parents face deportation); App. 2207–08, Topic 14 (harm to public colleges and universities' ability to recruit and retain students and faculty members, diminishing institutions' diversity); App. 2210, Topic 23 (DACA recipients precluded from traveling abroad). As the *Hawaii II* court held, these harms cannot be fully

---

[2] The court further recognized that the INA's zone of interests also encompasses an association's interests in the potential loss of members, as well as the harm that its individual members will suffer as a result of federal immigration policy. *Id.*; *see* MTD Opp. 17–18 (discussing SEIU 521's standing).

[3] In *Hawaii I*, the Supreme Court denied the government's application for a stay of the preliminary injunction except as to foreign nationals who lacked "a credible claim of bona fide relationship with a person or entity in the United States." *Trump v. IRAP*, 137 S. Ct. 2080, 2088 (2017). In *Hawaii II*, however, before the case was argued in the Ninth Circuit, the Supreme Court granted, without opinion, a complete stay of the district court's preliminary injunction. *Trump v. Hawaii*, No. 17A550, 2017 WL 5987406 (Dec. 4, 2017). The principal difference between the travel bans at issue in *Hawaii I* and *Hawaii II* is that the latter purports to be supported by a worldwide review of other countries' screening, vetting and information-sharing practices—conducted by the Secretary of Homeland Security, in consultation with the Secretary of State and the Director of National Intelligence—and a detailed report from those officials to the President on the inability of the targeted countries to provide adequate information about their nationals to assure that they would not present a threat to the national security if permitted to enter the United States. *See Hawaii II* at *3–5. The Rescission of DACA, of course, is not supported by any such detailed rationale, let alone a rationale based on national security concerns. When this distinguishing characteristic of the travel ban in *Hawaii II* is set aside, the Ninth's Circuit's analysis of provisional relief in *Hawaii II*, even though stayed, supports granting provisional relief here.

[4] The Topical Index to the Appendix can be found at docket number 124-2.

redressed by money damages and are therefore irreparable. *Hawaii II* at *22.

   b. <u>Balance of the equities.</u>  In addition, the *Hawaii II* court held that the concrete harms set forth by plaintiffs outweighed both the government's "general" national security concerns and its claims of diminution of the executive's authority. *Id.* at *22 and n.26. Here, there is no suggestion of a national security concern, so the equities swing even further against the government.

Finally, when assessing any harm to the government from maintaining the status quo, the *Hawaii II* court found it significant that the government had been able to successfully screen and vet foreign nationals under current law for years. *Id.* at *23. Similarly, the government's grant of an estimated 200,000 DACA renewals even after Inauguration Day, App. 2094, undermines its assertion of harm from an injunction preserving the status quo.

   c. <u>Public interest.</u>  *Hawaii II* concluded that "an injunction is in the public interest," relying on the allegations of amici (including three of the state plaintiffs here) of injuries such as psychological harm and distress, disruption of medical care, long-term economic and reputational damage to states, and limits on the ability of technological companies to hire to full capacity. *Hawaii II* at *23. Plaintiffs and amici in this case have shown these same harms and more.[5]

**5. *Hawaii II* supports plaintiffs' request for a nationwide injunction.**

The *Hawaii II* court held that "[b]ecause this case implicates immigration policy, a nationwide injunction was necessary to give Plaintiffs a full expression of their rights." *Id.* at *24 (citing *Bresgal v. Brock*, 843 F.2d 1163, 1170–71 (9th Cir. 1987)). As the Ninth Circuit explained, the need for nationwide relief in immigration matters stems from the constitutional requirement for uniform immigration laws, as well as Congress's instruction that the nation's immigration laws must be enforced "vigorously and *uniformly*." *Id.* (emphasis in original). Here, as in *Hawaii II*, a nationwide injunction is both appropriate and necessary to preserve plaintiffs' rights during the pendency of this action.

---

[5] *See* App. 2207, Topic 13 (impact on emotional and physical health); Br. of K–12 School Dists. and Educ. Ass'ns (Dkt. No. 112-1) at 4–6 (trauma, anxiety, and uncertainty in DACA recipients, impacting, *inter alia*, students' ability to learn); App. 2208–10, Topics 17, 18, 22 (harms to economy and employers); Br. of 108 Companies (Dkt. No. 137-3) at 8–10 (Rescission forces employers to terminate DACA employees and reduces ability of companies to attract individuals from abroad, leading to losses to economy); App. 2208, Topic 15 (harms to public health).

**6. DACA, unlike the travel ban, is lawful and consistent with the INA.**

The *Hawaii II* court held that the travel ban, which categorically barred immigration from eight countries, "effectively abrogate[d]" the "extensive and complex" statutory provisions regulating the admissibility of suspected terrorists and criminals, and for enforcing information-sharing requirements. *Hawaii II* at *12–13, 16. The travel ban was also inconsistent with historical executive practice. *Id.* at *14–15 (the travel ban "sweeps broader than any past entry suspension and . . . is unprecedented in its scope, purpose, and breadth").

DACA stands on a completely different footing. As the Ninth Circuit has held, the "INA expressly provides for deferred action as a form of relief that can be granted at the Executive's discretion." *Ariz. Dream Act Coal. v. Brewer*, 855 F.3d 957, 967 (9th Cir. 2017); *see also Crane v. Johnson*, 783 F.3d 244, 248 (5th Cir. 2015). Unlike categorical bans on immigration from particular countries, which were virtually unknown prior to the travel ban, *Hawaii II* at *14, and had never received "congressional acquiescence," *id.* at *21, deferred action programs such as DACA have been recognized and frequently ratified by Congress. *See* PI Br. 4–6 (Dkt. No. 111). Moreover, the policies relating to the visa holders at issue in *Hawaii II* are set out in an "extensive and complex" statutory scheme, *Hawaii II* at *16. In contrast, the ability of the category of immigrants at issue in DACA—those who were brought to the country illegally as children—to obtain legal status is not addressed by the INA.

Finally, the separation of powers issues discussed by the *Hawaii II* court do not undermine DACA's validity, which—as defendants themselves have repeatedly recognized, *see* PI Opp. 1–3 (Dkt. No. 204); MTD 1, 5–6 (Dkt. No. 114)—was an exercise of the executive's long-recognized prosecutorial discretion authority. *See* PI Mot. 4–6, 23–24 (citing, *inter alia*, *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 490 (1999); *Arizona v. United States*, 567 U.S. 387, 396 (2012)). As such, DACA is a far cry from the administration's actions in enacting the travel ban, which the *Hawaii II* court held amounted to "effectively rewriting the immigration laws." *Hawaii II* at *16.

## CONCLUSION

*Hawaii II* provides further support for plaintiffs' arguments that this Court should deny defendants' motion to dismiss and grant plaintiffs' motion for provisional relief to prevent additional harm from accruing while this matter is adjudicated.

Dated: January 8, 2018

Respectfully submitted,

COVINGTON & BURLING LLP

/s/ Jeffrey M. Davidson
Jeffrey M. Davidson (SBN 248620)
Alan Bersin (SBN 63874)
One Front Street, 35th Floor
San Francisco, CA 94111-5356
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: jdavidson@cov.com

Lanny A. Breuer (*pro hac vice*)
Mark H. Lynch (*pro hac vice*)
Alexander A. Berengaut (*pro hac vice*)
Megan A. Crowley (*pro hac vice*)
Ashley Anguas Nyquist (*pro hac vice*)
Jonathan Y. Mincer (Bar No. 298795)
Ivano M. Ventresca (*pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Facsimile: (202) 662-6291
E-mail: lbreuer@cov.com, mlynch@cov.com,
aberengaut@cov.com, mcrowley@cov.com,
anyquist@cov.com, jmincer@cov.com,
iventresca@cov.com

Mónica Ramírez Almadani (SBN 234893)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: (424) 332-4800
Facsimile: (424) 332-4749
Email: mralmadani@cov.com

Erika Douglas (SBN 314531)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94061-1418
Telephone: (650) 632-4700
Facsimile: (650) 632-4800
Email: edouglas@cov.com

XAVIER BECERRA
Attorney General of California
MICHAEL L. NEWMAN
Supervising Deputy Attorney General

/s/ James F. Zahradka II
JAMES F. ZAHRADKA II (SBN 196822)
Deputy Attorney General

CHRISTINE CHUANG
REBEKAH A. FRETZ
RONALD H. LEE
KATHLEEN VERMAZEN RADEZ
SHUBHRA SHIVPURI
1515 Clay Street, 20th Floor
Oakland, CA 94612-0550
Telephone: (510) 879-1247

*Attorneys for Plaintiff State of California*

JANET T. MILLS
Attorney General of Maine
SUSAN P. HERMAN (*pro hac vice*)
Deputy Attorney General
6 State House Station
Augusta, Maine 04333
Telephone: (207) 626-8814
Email: susan.herman@maine.gov

*Attorneys for Plaintiff State of Maine*

BRIAN E. FROSH
Attorney General of Maryland
STEVEN M. SULLIVAN (*pro hac vice*)
Solicitor General
200 Saint Paul Place, 20th Floor
Baltimore, Maryland 21202
Telephone: (410) 576-6325
Email: ssullivan@oag.state.md.us

*Attorneys for Plaintiff State of Maryland*

LORI SWANSON
Attorney General State of Minnesota
JULIANNA F. PASSE (*pro hac vice*)

Charles F. Robinson (SBN 113197)
Margaret Wu (Bar No. 184167)
Julia M. C. Friedlander (SBN 165767)
Sonya Sanchez (SBN 247541)
Norman Hamill (SBN 154272)
Harpreet Chahal (SBN 233268)
Michael Troncoso (SBN 221180)
University of California
Office of the General Counsel
1111 Franklin Street, 8th Floor
Oakland, CA 94607-5200
Telephone: (510) 987-9800
Facsimile: (510) 987-9757
Email: charles.robinson@ucop.edu

*Attorneys for Plaintiffs The Regents of the University of California and Janet Napolitano, in her official capacity as President of the University of California*

Assistant Attorney General
445 Minnesota Street, Suite 1100
St. Paul, Minnesota 55101-2128
Telephone: (651) 757-1136
Email: julianna.passe@ag.state.mn.us

*Attorneys for Plaintiff State of Minnesota*

GIBSON, DUNN & CRUTCHER LLP

/s/ Theodore J. Boutrous, Jr.

THEODORE J. BOUTROUS, JR., SBN 132099
tboutrous@gibsondunn.com
KATHERINE M. MARQUART, SBN 248043
kmarquart@gibsondunn.com
JESSE S. GABRIEL, SBN 263137
jgabriel@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520

ETHAN D. DETTMER, SBN 196046
edettmer@gibsondunn.com
555 Mission Street
San Francisco, CA 94105
Telephone: (415) 393-8200
Facsimile: (415) 393-8306

PUBLIC COUNSEL
MARK D. ROSENBAUM, SBN 59940
mrosenbaum@publiccounsel.org
JUDY LONDON, SBN 149431
jlondon@publiccounsel.org

COTCHETT, PITRE & McCARTHY, LLP
OFFICE OF THE CITY ATTORNEY
/s/ Justin T. Berger

JOSEPH W. COTCHETT, SBN 36324
jcotchett@cpmlegal.com
JUSTIN T. BERGER, SBN 250346
jberger@cpmlegal.com
BRIAN DANITZ, SBN 247403
bdanitz@cpmlegal.com
TAMARAH P. PREVOST, SBN 313422
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577

RICHARD DOYLE (SBN 88625)
NORA FRIMANN (SBN 93249)
OFFICE OF THE CITY ATTORNEY
200 East Santa Clara Street, 16th Floor
San José, California 95113
Telephone: (408) 535-1900
Facsimile: (408) 998-3131
Email Address: cao.main@sanJoséca.gov

*Attorneys for Plaintiff City of San Jose*

610 South Ardmore Avenue
Los Angeles, CA 90005
Telephone: (213) 385-2977
Facsimile: (213) 385-9089

BARRERA LEGAL GROUP, PLLC
LUIS CORTES ROMERO, SBN 310852
lcortes@barreralegal.com
19309 68th Avenue South, Suite R102
Kent, WA 98032
Telephone: (253) 872-4730
Facsimile: (253) 237-1591

LAURENCE H. TRIBE, SBN 39441
larry@tribelaw.com Harvard Law School
*Affiliation for identification purposes only
1575 Massachusetts Avenue
Cambridge, MA 02138
Telephone: (617) 495-1767

ERWIN CHEMERINSKY, *pro hac vice* forthcoming
echemerinsky@law.berkeley.edu
University of California, Berkeley School of Law
*Affiliation for identification purposes only
215 Boalt Hall
Berkeley, CA 94720-7200
Telephone: (510) 642-6483

LEAH M. LITMAN, *pro hac vice* forthcoming llitman@law.uci.edu
University of California, Irvine School of Law
*Affiliation for identification purposes only
401 East Peltason Drive Irvine, CA 92697
Telephone: (949) 824-7722

*Attorneys for Plaintiffs DULCE GARCIA, MIRIAM GONZALEZ AVILA, SAUL JIMENEZ SUAREZ, VIRIDIANA CHABOLLA MENDOZA, NORMA RAMIREZ, and JIRAYUT LATTHIVONGSKORN*

/s/ James R. Williams                    /s/ Eric P. Brown

JAMES R. WILLIAMS, County Counsel        JONATHAN WEISSGLASS
GRETA S. HANSEN                          jweissglass@altber.com

LAURA S. TRICE
laura.trice@cco.sccgov.org
MARCELO QUIÑONES
marcelo.quinones@cco.sccgov.org
OFFICE OF THE COUNTY COUNSEL
COUNTY OF SANTA CLARA
70 West Hedding Street
East Wing, Ninth Floor
San Jose, CA 95110-1770
Telephone: (408) 299-5900
Facsimile: (408) 292-7240

*Attorneys for Plaintiff COUNTY OF SANTA CLARA*

STACEY M. LEYTON
sleyton@altber.com
ERIC P. BROWN
ebrown@altber.com
ALTSHULER BERZON LLP
177 Post St., Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151

*Attorneys for Plaintiffs COUNTY OF SANTA CLARA AND SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 521*

# ATTESTATION

I, James F. Zahradka II, hereby attest, pursuant to Civil L.R. 5-1, that I have received authorization to electronically sign and file this document from each of the persons identified in the signature block.

Dated: January 8, 2018

/s/ James F. Zahradka
James F. Zahradka
*Counsel for Plaintiff the State of California*