**XAVIER BECERRA**
*Attorney General*

**State of California**
**DEPARTMENT OF JUSTICE**



1515 Clay Street, 20th Floor
P.O. Box 70550
Oakland, CA 94612-0550
Telephone:  (510) 879-1247
Fax:  (510) 622-2270
E-Mail Address:  james.zahradka@doj.ca.gov

August 18, 2020

Hon. William H. Alsup
United States District Court, Northern District of California
San Francisco Courthouse, 12th Floor
450 Golden Gate Ave.
San Francisco, CA 94102

Re:   *Regents of the Univ. of Calif. v. U.S. Dep't of Homeland Security*, 17-cv-05211-WHA
      *State of California, et al. v. U.S. Dep't of Homeland Security*, 17-cv-05235-WHA
      *City of San Jose v. Donald J. Trump*, 17-cv-05329-WHA
      *Dulce Garcia, et al. v. United States, et al.*, 17-cv-05380-WHA
      *County of Santa Clara and SEIU Local 521 v. Donald J. Trump*, 17-cv-05813-WHA

Dear Judge Alsup:

We write on behalf of all Plaintiffs in the above-referenced cases to respectfully request that the Court hold a status conference to discuss next steps in light of the Supreme Court's ruling in *Department of Homeland Security v. Regents of the University of California*, 140 S. Ct. 1891 (2020) (*Regents III*), and Defendants' subsequent actions.

In *Regents III*, the Supreme Court ruled that that Defendants' rescission of the Deferred Action for Childhood Arrivals (DACA) program via a memorandum from then-Acting Secretary of Homeland Security Elaine Duke (Duke Memorandum) was unlawful, arbitrary, and capricious—all in violation of the Administrative Procedure Act. In response to the Supreme Court's ruling, the Fourth Circuit issued a mandate that reinstated DACA and set aside the Duke Memorandum. *See Casa de Maryland v. U.S. Dep't of Homeland Sec.*, 8:17-cv-02942-PWG, ECF No. 93 (D. Md. July 1, 2020). The issuance of that mandate, on June 30, 2020, had the effect of reinstating DACA, on its original terms, on a nationwide basis. To comply with the Fourth Circuit's mandate, on July 17, the District Court for the District of Maryland ordered the Department of Homeland Security (DHS) to reinstate the DACA program as it existed before the issuance of the Duke Memorandum. *See id.*, ECF No. 97. In particular, that order required DHS to resume accepting initial DACA applications from eligible immigrants, including those who had aged in to eligibility during the unlawful tenure of the Duke Memorandum.

Rather than accept the outcome of the litigation over the unlawful Duke Memorandum and restoring DACA, including the new applications that would have been accepted but for that

Hon. William H. Alsup
August 18, 2020
Page 2

memorandum, on July 28, 2020, Acting Secretary of Homeland Security Chad Wolf issued a memorandum (Wolf Memorandum), directing DHS to make immediate interim changes to DACA while he ostensibly evaluates the future of the program. *Regents*, ECF No. 301-1. Per the terms of the Wolf Memorandum, DHS is: (1) rejecting all new initial DACA applications; (2) reducing the renewal period for current DACA recipients from two years to one year, and accordingly doubling the cost of maintaining a DACA grant; and (3) presumptively rejecting all advance parole applications. *See id.* The Wolf Memorandum also states that these changes apply retroactively to applications submitted by applicants who have not previously held DACA.

On August 4, 2020, the Ninth Circuit issued its mandate in this litigation, remanding the matter to this Court for further proceedings, consistent with the Supreme Court's ruling in *Regents III*. *See id.*, ECF No. 303.

Given the above, Plaintiffs expect to bring challenges to the Wolf Memorandum and believe that a status conference would be helpful to discuss how best to proceed in this matter, including an orderly process for amending the complaints and receiving an administrative record with respect to the Wolf Memorandum.

We have met and conferred with Defendants regarding our plans and shared the substance of this letter with them. Counsel for Defendants requested that we report their position as follows: "Defendants disagree with most of the factual and legal arguments in Plaintiffs' letter, but do not oppose Plaintiffs' request for a status conference."

Thank you for your consideration of this matter.

Sincerely,

*/s/ James F. Zahradka II*
James F. Zahradka II
Deputy Attorney General

For      XAVIER BECERRA
Attorney General

*Attorneys for Plaintiff State of California*

CC: All Counsel of Record (via ECF)