JEFFREY M. DAVIDSON (SBN 248620)
ALAN BERSIN (SBN 63874)
COVINGTON & BURLING LLP
One Front Street, 35th Floor
San Francisco, CA 94111-5356
Telephone: (415) 591-6000
Facsimile: (415) 591-6091
Email: jdavidson@cov.com,
abersin@cov.com
*Attorneys for Plaintiffs The Regents of the
University of California and Janet Napolitano, in
her official capacity as President of the
University of California*

THEODORE J. BOUTROUS, JR. (SBN 132099)
ETHAN D. DETTMER (SBN 196046)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
Facsimile: (213) 229-7520
Email: tboutrous@gibsondunn.com,
edettmer@gibsondunn.com
*Attorneys for Plaintiffs Dulce Garcia, Miriam
Gonzalez Avila, Saul Jimenez Suarez, Viridiana
Chabolla Mendoza, Norma Ramirez, and Jirayut
Latthivongskorn*

XAVIER BECERRA
Attorney General of California
CHRISTINE CHUANG
Supervising Deputy Attorney General
JAMES F. ZAHRADKA II (SBN 196822)
1515 Clay Street, 20th Floor
Oakland, CA 94612-0550
Telephone: (510) 879-1247
Email: James.Zahradka@doj.ca.gov
*Attorneys for Plaintiff State of California*

JOSEPH W. COTCHETT (SBN 36324)
JUSTIN T. BERGER (SBN 250346)
COTCHETT, PITRE & McCARTHY, LLP
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010
Telephone: (650) 697-6000
Facsimile: (650) 697-0577
Email: jberger@cpmlegal.com
*Attorneys for Plaintiff City of San Jose*

STACEY M. LEYTON (SBN 203827)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: sleyton@altber.com
*Attorneys for Plaintiffs County of Santa Clara and
Service Employees International Union Local 521*

*(Additional counsel listed on signature page)*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA and JANET NAPOLITANO, in her official capacity as President of the University of California,<br><br>Plaintiffs,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY and ELAINE DUKE, in her official capacity as Acting Secretary of the Department of Homeland Security,<br><br>Defendants. | CASE NO. 17-CV-05211-WHA<br><br>**JOINT CASE-MANAGEMENT STATEMENT**<br><br>Date:        October 22, 2020<br>Time:        11:00 AM<br>Judge:      Hon. William Alsup<br>Trial Date:  None set<br>Action Filed: September 8, 2017 |

| | | |
|---|---|---|
| 1 | STATE OF CALIFORNIA, STATE OF MAINE, STATE OF MARYLAND, and STATE OF MINNESOTA, | CASE NO. 17-CV-05235-WHA |
| 2 | | |
| 3 | Plaintiffs, | |
| 4 | v. | |
| 5 | U.S. DEPARTMENT OF HOMELAND SECURITY, ELAINE DUKE, in her official capacity as Acting Secretary of the Department of Homeland Security, and the UNITED STATES OF AMERICA, | |
| 6 | | |
| 7 | | |
| 8 | Defendants. | |
| 9 | CITY OF SAN JOSE, a municipal corporation, | CASE NO. 17-CV-05329-WHA |
| 10 | Plaintiffs, | |
| 11 | v. | |
| 12 | DONALD J. TRUMP, President of the United States, in his official capacity, ELAINE C. DUKE, in her official capacity, and the UNITED STATES OF AMERICA, | |
| 13 | | |
| 14 | | |
| 15 | Defendants. | |
| 16 | DULCE GARCIA, MIRIAM GONZALEZ AVILA, SAUL JIMENEZ SUAREZ, VIRIDIANA CHABOLLA MENDOZA, NORMA RAMIREZ, and JIRAYUT LATTHIVONGSKORN, | CASE NO. 17-CV-05380-WHA |
| 17 | | |
| 18 | | |
| 19 | Plaintiffs, | |
| 20 | v. | |
| 21 | UNITED STATES OF AMERICA, DONALD J. TRUMP, in his official capacity as President of the United States, U.S. DEPARTMENT OF HOMELAND SECURITY, and ELAINE DUKE, in her official capacity as Acting Secretary of Homeland Security, | |
| 22 | | |
| 23 | | |
| 24 | Defendants. | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| 1 | COUNTY OF SANTA CLARA and | CASE NO. 17-CV-05813-WHA |
| 2 | SERVICE EMPLOYEES INTERNATIONAL UNION LOCAL 521, | |
| 3 | Plaintiffs, | |
| 4 | v. | |
| 5 | DONALD J. TRUMP, in his official capacity as President of the United States, JEFFERSON | |
| 6 | BEAUREGARD SESSIONS, in his official capacity as Attorney General of the United | |
| 7 | States; ELAINE DUKE, in her official capacity as Acting Secretary of the Department | |
| 8 | of Homeland Security; and U.S. DEPARTMENT OF HOMELAND | |
| 9 | SECURITY, | |
| 10 | Defendants. | |

**JOINT CASE-MANAGEMENT STATEMENT**

Plaintiffs and Defendants in the above-captioned matters respectfully submit this Joint Case-Management Statement pursuant to this Court's Standing Order and its Orders of September 1, 2020 (Dkt. No. 305) and September 23, 2020 (Dkt. No. 308).  Counsel for the parties have met and conferred on these matters during the week of October 12, 2020.

**1.    Plaintiffs' Summary of the Case**

On June 18, 2020, the U.S. Supreme Court held that the U.S. Department of Homeland Security's (DHS) rescission of the Deferred Action for Childhood Arrivals (DACA) program was arbitrary and capricious in violation of the Administrative Procedure Act (APA) and therefore must be vacated.  *Dep't of Homeland Sec., et al. v. Regents of the Univ. of Cal., et al.*, 140 S. Ct. 1891 (2020).  The Supreme Court's decision rested on a finding that, even if DHS's purported concerns about the lawfulness of DACA were credited, DHS had failed to consider options for modifying DACA short of rescinding the program altogether and failed to address whether there had been legitimate reliance on the program.

Despite clear directives from the Supreme Court, as well as the decisions of many other courts—including this Court and the Ninth Circuit—that found Defendants' rescission of DACA arbitrary and capricious, Defendants persisted in their efforts to rescind DACA.  Forty days after the Supreme Court's decision, Defendants announced immediate "interim" modifications to the

1

program.  On July 28, 2020, Defendant Chad Wolf, the purported Acting Secretary of DHS,

issued a memorandum (the "Wolf Memorandum") directing DHS personnel to (1) reject all

pending and future DACA applications, (2) cut the DACA renewal period (and accompanying

work authorization) in half, and (3) reject all pending and future applications for advance parole

(i.e., permission to travel outside the United States and return lawfully).

The Wolf Memorandum offers no basis for these modifications to DACA other than

purported Acting Secretary Wolf's "strong desire" to "mitigate" supposed concerns about the

program while he buys time to "consider[] anew the DACA policy."  As with DHS's earlier

efforts to rescind DACA, the Wolf Memorandum fails to adequately take into account the vast

programmatic benefits of the policy or of the reliance interests it has engendered, nor does it

include any reasoned policy analysis for why DACA should be restricted and impaired.

Moreover, although Defendant Wolf has purported to be Acting Secretary of the Department of

Homeland Security since November 13, 2019, he has no legally valid claim to that title.  He thus

lacked authority to issue the Wolf Memorandum, which is void and lacks any legal force.

On August 24, 2020, purported Deputy Director for Policy for United States Citizenship

and Immigration Services Joseph Edlow issued a memorandum (the "Edlow Memorandum")

implementing the Wolf Memorandum.  Memorandum to Associate Directors and Program Office

Chiefs re: Implementing Acting Secretary Chad Wolf's July 28, 2020 Memorandum,

"Reconsideration of the June 15, 2012 Memorandum 'Exercising Prosecutorial Discretion with

Respect to Individuals Who Came to the United States as Children,'" available at

https://www.uscis.gov/sites/default/files/document/policy-alerts/dacamemo.pdf.  In addition, the

Edlow Memorandum directed DHS staff to "generally reject DACA renewal requests received

more than 150 days prior to the expiration of the DACA recipient's current DACA validity

period."  *Id.*

Plaintiffs believe that the Wolf and Edlow Memoranda violate both the procedural and

substantive requirements of the APA, 5 U.S.C. § 706, the Federal Vacancies Reform Act, 5

U.S.C. § 3345 et seq. (FVRA), the Homeland Security Act, 6 U.S.C. § 101 et seq., the Due

Process Clause of the Fifth Amendment, the Appointments Clause, U.S. Const. art. II, § 2, cl. 2,

2

and constitute ultra vires agency actions.   Moreover, because Defendants have stopped filing quarterly summary reports regarding the processing of DACA requests, in accordance with the injunction that this Court entered on January 9, 2018, Dkt. No. 234, it is not clear whether they are otherwise complying with their legal obligations consistent with the Supreme Court's decision.

### 2.     Defendants' Summary of the Case

This litigation has never been about "whether DHS may rescind DACA"—in fact, before the Supreme Court, "[a]ll parties agree[d] that it may," and the Supreme Court offered no reason to doubt that consensus.  *Regents*, 140 S. Ct. at 1905.  As another court put it, "Defendants indisputably can end the DACA program."  *Batalla Vidal v. Nielsen*, 279 F. Supp. 3d 401 (E.D.N.Y. 2018); *vacated and remanded on other grounds by Regents*, 140 S. Ct. at 1891.  There can likewise be no dispute that the Department of Homeland Security may *modify* a discretionary non-enforcement policy like DACA, at any time, so long as it provides a sufficient explanation. The agency has now done so: for the reasons explained in the Wolf Memorandum, until further notice, DHS has modified DACA, while retaining its core—including by allowing current DACA recipients to renew indefinitely.

On July 28, 2020, one week before issuance of the Ninth Circuit's mandate in this case, Acting Secretary Wolf formally rescinded the Duke Memorandum.  The Wolf Memorandum announced the Acting Secretary's determination, "[i]n accordance with the Supreme Court's decision," "to give careful consideration to whether the DACA policy should be maintained, rescinded, or modified."  ECF No. 301-1, Wolf Mem. at 5. Given the Acting Secretary's serious enforcement-policy concerns, the Wolf Memorandum also made certain immediate changes to DACA.  *Id.* at 4-5.

The Wolf Memorandum explains that, until further notice, DHS (1) will not accept first-time DACA requests; (2) will continue to accept renewal requests from DACA recipients, though it will limit the period of any future grants of DACA to one year, rather than the two years provided under the original DACA policy; and (3) will allow DACA recipients to submit applications for advance parole, to be granted only in "exceptional circumstances."  *See id.* at 5.

3

1    These changes apply to both pending and prospective requests. *Id.* at 7. The Wolf Memorandum

2    noted that "nothing in this memorandum precludes the exercise of deferred action on a truly

3    individualized, case-by-case basis when and if warranted." *Id.* at 6. The Wolf Memorandum also

4    reiterates that DHS will "[c]ontinue to comply with the information-sharing policy" announced in

5    2012 regarding information provided by DACA requestors. *Id.* at 8.

6         As Defendants will explain in greater detail in a forthcoming dispositive motion, the Wolf

7    Memorandum fully complies with the APA, including as interpreted by the Supreme Court in

8    *Regents*.[1] And Chad Wolf's service as Acting Secretary of Homeland Security fully complies

9    with the Federal Vacancies Reform Act, the Homeland Security Act, and the Appointments

10   Clause. And even if there were some appointment-related defect, any such defect has now been

11   cured by ratification.

12        **3.    Amendment of Pleadings**

13        Plaintiffs plan to amend their complaints to reflect the Supreme Court's ruling relating to

14   Defendants' prior attempts to rescind DACA, and Defendants' recent DACA-related actions,

15   including their promulgation of the Wolf and Edlow Memoranda. Plaintiffs will file these

16   amended complaints by November 2, 2020. In those amended complaints, Plaintiffs plan to

17   substitute some of the currently named Defendants to reflect the fact that different individuals are

18   now occupying the relevant roles, and add additional responsible officials (including, but not

19   necessarily limited to, Joseph Edlow, who is occupying the position of Deputy Director for Policy

20   for United States Citizenship and Immigration Services) as Defendants.

21        Plaintiffs' proposed amended complaints will raise the following legal issues:

22        A.    Whether Defendants' actions are invalid under the FVRA because the issuing

23              officials lacked proper authority to take those actions.

24        B.    Whether Defendants' actions are invalid under the Homeland Security Act because

25              the issuing officials lacked proper authority to take those actions.

26

27   _____

           [1] Plaintiffs are correct that "Defendants have stopped filing quarterly summary reports
28   regarding the processing of DACA requests." That requirement derived from this Court's
     preliminary-injunction order, which is no longer in effect. *See Regents*, 140 S. Ct. at 1916.

4

1       C.    Whether Defendants' actions are invalid under the Appointments Clause of the

2              United States Constitution because the issuing officials lacked proper authority to

3              take those actions.

4       D.    Whether Defendants' actions violate the APA because Defendants acted in an

5              arbitrary and capricious manner.

6       F.    Whether Plaintiffs are entitled to a permanent injunction, declaratory relief, and other

7              relief as will be requested in their amended complaints.

8      **4.    Motions**

9          All parties agree that this case should be resolved through cross-motions for summary

10   judgment.  Plaintiffs also reserve their right to move for a temporary restraining order or

11   preliminary injunction if Defendants take any action to rescind the DACA program as indicated

12   in the Wolf Memorandum.  If Defendants provide an inadequate administrative record, Plaintiffs

13   reserve their right to seek appropriate relief.[2]

14         The parties are agreeable to, when possible, consolidating their briefing in a similar manner

15   to how they proceeded in the 2017 litigation.  The Court ordered as follows in its Case

16   Management Order:

17        All plaintiffs shall file one joint brief . . . . A plaintiff may, if truly essential, add a
           very short supplemental brief on any point unique to that plaintiff.  All defendants
18      may file a joint brief in support of their own motion . . . . All plaintiffs shall file a
           single joint opposition, and all defendants shall file a single joint opposition, each
19      party being permitted to file a short individual supplement to the extent truly
           needed for issues unique to that party.

20

21   Dkt. No. 49.

22      **5.    Discovery**

23         Relating to the Duke Memorandum, Plaintiffs propounded written discovery on Defendants

24   in 2017, and noticed several depositions.  Defendants produced witnesses and provided responses

25

26        [2] Defendants have already produced an administrative record as to the Wolf Memorandum
     in the DACA-related matters in the Eastern District of New York.  *See, e.g.*, *Batalla Vidal, et al.*
27   *v. Wolf, et al.*, 1:16-cv-4756 (E.D.N.Y.), Dkt. No. 282 (Sept. 24, 2020).  Defendants also
     produced a privilege log, in which they identify numerous documents that were considered by the
28   decision-maker or his subordinates but withheld from the administrative record based on a
     number of privileges.  *See, e.g.*, *Batalla Vidal*, Dkt. No. 282-1.

to these discovery requests; however, discovery was stayed by the Ninth Circuit. *See In re:*
*United States*, Case No. 17-72917, Dkt. No. 14 (Oct. 24, 2017).  That stay order came before
Plaintiffs were able to complete their depositions or access the written responses to discovery that
Defendants produced.  Thus, Plaintiffs have not had the opportunity to review these documents or
complete their depositions.

Because the Duke Memorandum was vacated by the Supreme Court, Plaintiffs do not
intend to continue discovery relating to its promulgation.  However, depending on the contents of
the administrative record and the accompanying privilege log, Plaintiffs reserve their right to seek
discovery on some of their claims relating to the Wolf and Edlow Memoranda.  Thus, the parties
propose to meet and confer on the issue of discovery after production of the administrative record
and privilege log and, if necessary, to update the Court on their plans in this regard at a later date.

**6.    Relief**

In their amended complaints, Plaintiffs plan to request that the Court:

A.  Declare that the actions that Defendants have taken to implement the Wolf and Edlow
Memoranda are arbitrary, capricious, an abuse of discretion, in excess of statutory
authority, and otherwise not in accordance with law in violation of the APA;

B.  Declare that Defendant Wolf's service as Acting Secretary of Homeland Security violates
the FVRA;

C.  Declare that Defendant Wolf's actions taken as Acting Secretary of Homeland Security
and/or in the performance of the functions or duties of the Secretary of Homeland
Security, including his purported change to DACA policy and procedure, have no force
and effect and may not be ratified pursuant to the FVRA;

D.  Declare that Defendant Wolf's service as Acting Secretary of Homeland Security violates
the Homeland Security Act of 2016;

E.  Declare that Defendant Wolf's service as Acting Secretary of Homeland Security violates
the Appointments Clause of the United States Constitution;

F.  Enjoin Defendants from altering or limiting the DACA program or engaging in any action
to frustrate its full and continued implementation;

G.  Vacate the Wolf and Edlow Memoranda; and

H.  Award such additional relief as the interests of justice may require.

**7.     Scheduling**

The parties have agreed on the following schedule:

- Plaintiffs shall file their amended complaints on or before November 2, 2020.  Defendants agree to accept service of the amended complaints via service through the ECF system.

- Defendants shall file the administrative record as to the Wolf Memorandum on or before November 9, 2020.  Defendants take the position that they are not required to prepare a separate administrative record for the Edlow Memorandum.

- As discussed above, after Defendants file the administrative record, the parties will meet and confer regarding its contents.  Depending on the outcome of those discussions, Plaintiffs reserve their right to dispute the completeness of the administrative record.  If it proves to be necessary, Plaintiffs intend to file any motion for completion of the administrative record by November 19, 2020.

- The parties have agreed on the following briefing schedule for their forthcoming cross-motions for summary judgment:
  - **January 22, 2021 at 12 PM**: Plaintiffs' motion for summary judgment (40 pages)
  - **February 12, 2021 at 12 PM**: Defendants' combined cross-motion for summary judgment and opposition to Plaintiffs' motion for summary judgment (45 pages)
  - **March 5, 2021 at 12 PM**: Plaintiffs' combined opposition and reply (30 pages)
  - **March 19, 2021 at 12 PM**: Defendants' reply (25 pages)
  - **Oral argument**: at the Court's convenience.

- Plaintiffs reserve the right to file earlier targeted motions regarding particular discrete issues, including motions for preliminary injunction or partial summary judgment motions that do not depend on the administrative record but challenge Defendants' legal authority to hold office and to take the relevant administrative actions.

- If the issues in this case are not resolved by these dispositive motions, the parties agree to meet and confer within 14 days of the Court's ruling on such motions to discuss a schedule for further proceedings.
- The parties agree that Defendants' obligation to answer or otherwise respond to the amended complaints shall be stayed pending the Court's resolution of the parties' dispositive motions.

8

| | | |
|---|---|---|
| 1 | Dated: October 15, 2020 | Respectfully submitted, |
| 2 | XAVIER BECERRA<br>Attorney General of California | JEFFREY BOSSERT CLARK<br>Acting Assistant Attorney General |
| 3 | | |
| 4 | */s/ James F. Zahradka II*<br>JAMES F. ZAHRADKA II | JOHN V. COGHLAN<br>Deputy Assistant Attorney General |
| 5 | Deputy Attorney General<br>*Attorneys for Plaintiff State of California* | DAVID ANDERSON<br>United States Attorney |
| 6 | AARON FREY | BRAD P. ROSENBERG |
| 7 | Attorney General of Maine<br>SUSAN P. HERMAN (*pro hac vice*) | Assistant Branch Director |
| 8 | Deputy Attorney General<br>*Attorneys for Plaintiff State of Maine* | */s/ Stephen M. Pezzi*<br>STEPHEN M. PEZZI (D.C. Bar 995500) |
| 9 | | Trial Attorney<br>United States Department of Justice |
| 10 | BRIAN E. FROSH<br>Attorney General of Maryland | Civil Division, Federal Programs Branch |
| 11 | STEVEN M. SULLIVAN (*pro hac vice*)<br>Solicitor General | 1100 L Street, NW<br>Washington, DC 20005 |
| 12 | *Attorneys for Plaintiff State of Maryland* | Phone: (202) 305-8576<br>Fax: (202) 616-8470<br>Email: stephen.pezzi@usdoj.gov |
| 13 | KEITH ELLISON | |
| 14 | Attorney General State of Minnesota<br>JULIANNA F. PASSE (*pro hac vice*) | *Attorneys for Defendants* |
| 15 | *Attorneys for Plaintiff State of Minnesota* | |
| 16 | COVINGTON & BURLING LLP | |
| 17 | */s/ Jeffrey M. Davidson*<br>JEFFREY M. DAVIDSON | |
| 18 | *Attorneys for Plaintiffs The Regents of the* | |
| 19 | *University of California and Janet Napolitano, in*<br>*her official capacity as President of the University* | |
| 20 | *of California* | |
| 21 | GIBSON, DUNN & CRUTCHER LLP | |
| 22 | */s/ Ethan D. Dettmer*<br>ETHAN D. DETTMER | |
| 23 | | |
| 24 | PUBLIC COUNSEL | |
| 25 | */s/ Mark D. Rosenbaum*<br>MARK D. ROSENBAUM | |
| 26 | *Attorneys for Plaintiffs Dulce Garcia,*<br>*Miriam Gonzalez Avila, Saul Jimenez* | |
| 27 | *Suarez, Viridiana Chabolla Mendoza,*<br>*Norma Ramirez, and Jirayut* | |
| 28 | *Latthivongskorn* | |

9

COTCHETT, PITRE & McCARTHY, LLP

*/s/ Justin T. Berger*
JUSTIN T. BERGER
   *Attorneys for Plaintiff City of San Jose*

ALTSHULER BERZON LLP

*/s/ Stacey M. Leyton*
STACEY M. LEYTON
   *Attorneys for Plaintiffs COUNTY OF*
   *SANTA CLARA AND SERVICE*
   *EMPLOYEES INTERNATIONAL*
   *UNION LOCAL 521*

JAMES R. WILLIAMS (SBN 271253)
County Counsel
GRETA S. HANSEN (SBN 251471)
LAURA S. TRICE (SBN 284837)
MARCELO QUIÑONES (SBN 279132)
HANNAH KIESCHNICK (SBN 319011)
OFFICE OF THE COUNTY COUNSEL
70 West Hedding Street, East Wing, Ninth Floor
San Jose, California 95110
Telephone: (408) 299-5900
Facsimile: (408) 292-7240
Email: laura.trice@cco.sccgov.org,
marcelo.quinones@cco.sccgov.org,
hannah.kieschnick@cco.sccgov.org

*/s/ Hannah Kieschnick*
HANNAH KIESCHNICK
   *Attorneys for Plaintiff COUNTY OF SANTA*
   *CLARA*

10

1

2

**ATTESTATION OF SIGNATURES**

3

4

5

  I, James F. Zahradka II, hereby attest, pursuant to Local Civil Rule 5-1(i)(3) of the Northern District of California that concurrence in the filing of this document has been obtained from each signatory hereto.

6

7

8

Dated:  October 15, 2020

            /s/ James F. Zahradka II
            JAMES F. ZAHRADKA II
            Deputy Attorney General
            *Attorney for State of California*

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT CASE-MANAGEMENT STATEMENT
All DACA Cases (Nos. 17-5211, 17-5235, 17-5329, 17-5380, 17-5813)